No. 19,584.

ORVAL S. PETERSON, ET AL. *v.* JAMES A. REED, ET AL.

(369 P. [2d] 981)

Decided March 26, 1962.

Mr. HENRY BLICKHAHN, for plaintiffs in error.

Messrs. MOSES & DeSOUCHET, for defendant in error James A. Reed, Mr. LEONARD M. HAYNIE, for defendants in error Orin W. Reed, et al. Mr. JESSIE E. POUND, for defendants in error H. Louise Shawcroft, et al.

*In Department.*

Opinion by Mr. Justice Sutton.

This case concerns a supplemental adjudication of water priorities in Water District No. 21 of the State of Colorado. The plaintiffs in error will be referred to as the "Baileys" and "Peterson" respectively, and defendants in error as the "La Jara Creek claimants" or by their respective ditch claims.

On April 2, 1953, Stanley and Irma Bailey filed a petition in the district court of Conejos County claiming the right to divert ten cubic feet of water per second of time from the water flowing in the San Luis Valley Drainage Ditch No. 1, which is also known as the La Jara Seepage Ditch. This ditch is the main outlet canal of the San Luis Valley Drainage District No. 1 and we will hereinafter refer to it as either the "drainage ditch" or the "ditch." Peterson later joined in the action as a claimant with interests adverse to the La Jara Creek claimants.

The Baileys' proposed diversion was to be by means of a headgate located on the east bank of the ditch and had apparently been put into effect at the time this action arose. Water was carried from this headgate for irrigation purposes to the Baileys' land outside the San Luis Valley Drainage District No. 1. After the filing of the Baileys' petition for a supplemental adjudication, notice was given to all owners, claimants, and users of water rights in Water District No. 21. The La Jara Creek claimants accordingly joined in the proceeding by filing their respective claims to the water flowing in La Jara Creek. Peterson also filed a claim for a diversion of seven cubic feet of water from the ditch at a point south of the Baileys' diversion. Peterson's land, irrigated by this water, also lies outside the boundaries of the San Luis Valley Drainage District No. 1.

The drainage ditch, which is the cause of this controversy, drains generally in a northeasterly direction and discharges into La Jara Creek, sometimes hereafter re-

ferred to as the "creek." Construction on the ditch was first begun in 1919. La Jara Creek runs in an easterly direction through the area involved in this case. The ditch accumulates all seepage and drainage waters in the district, as well as other developed, artesian, waste, seepage, and overflow waters. In their petition the Baileys and Peterson alleged that these waters do not constitute a part of the normal flow of La Jara Creek and would never reach the creek but for the drainage ditch.

In the trial court the La Jara Creek claimants asserted various water rights, all but one of which (as hereinafter appears) are prior in time and use to both the Bailey and Peterson claims. These are all diverted out of La Jara Creek below the point at which the drainage ditch empties into it.

The Baileys made a survey on October 31, 1950, and began actual construction of their diversionary ditch on November 21, 1950. Peterson alleged that his original appropriation was on April 25, 1927, but the trial court determined that it was made sometime in August 1947, and was thus subsequent to all the La Jara Creek appropriations, except that of the Reynolds Ditch appropriation claimed as of May 23, 1949.

After taking voluminous testimony on behalf of all the claimants the court on May 25, 1960, entered an extensive decretal order. It found for the purpose of the decree that the drainage ditch, from the time of its construction, had become a part of and tributary to La Jara Creek, a natural stream. Therefore the waters of the ditch were subject to the earlier appropriations of the La Jara Creek claimants. The order of priority was stated by the trial court to be as follows: Reed Ditch No. 1, First Enlargement of Reed Ditch No. 1, Reed Ditch No. 2, First Enlargement of Reed Ditch No. 2, Reynolds-Reed Ditch, H. Louise Shawcroft Ditch, Murphy-Crowther Ditch, Peterson Ditch, Reynolds Ditch, and the Bailey Ditch. The decree also recognized that the rights and interest of the San Luis Valley Drainage District No. 1 in

its ditch and the waters therein were not affected by the decree. None of the parties contests the latter aspect of the decree.

The Baileys and Peterson, however, urge reversal of the decree as to that part granting to the La Jara Creek claimants the indicated senior priorities as to the water flowing in the drainage ditch. They argue that the waste and seepage water flowing into that ditch is new and independent water and consequently not subject to the older appropriations on La Jara Creek. Their argument may be summarized as follows:

The waters collected in the drainage ditch are artificially developed drain waters from numerous sources and would never reach La Jara Creek but for such ditch. This water is not therefore tributary to La Jara Creek until such time as the waters of the ditch and the creek join. Since the Baileys and Peterson intercepted such waters at a point prior to the intersection of the ditch with the creek, they are entitled to a decree senior to those of the La Jara Creek claimants as to such waters.

We find this argument to be without merit. It is immaterial that the waters in the drainage ditch are characterized as artificially developed waters and that the ditch is characterized as an artifical drain. What is significant is the trial court's finding that this ditch was tributary to La Jara Creek. It is true that the court in its findings stated that the waters of the ditch had become tributary to the creek since the construction of the ditch. The court, however, decreed priorities to the waters of the ditch in favor of those La Jara Creek claimants whose appropriations antedated the construction of the ditch. In so doing the trial court determined, in effect, that the waters of the drainage ditch were naturally tributary to La Jara Creek even before the construction of that ditch, and that such waters would have reached La Jara Creek through natural movements independently of the drainage ditch. Thus the trial court not only expressly determined that the waters of the ditch were

tributary to the creek *since* the construction of the ditch, but also impliedly determined that such waters were tributary to the creek *before* and *independently* of the drainage ditch. These determinations were in keeping with the natural presumption that all flowing water finds its way to a stream. *De Haas v. Benesch,* 116 Colo. 344, 181 P. (2d) 453 (1947). Moreover a careful review of the record indicates that there was sufficient evidence to substantiate these determinations without the benefit of the presumption. In this connection an irrigation engineer, David H. Mathias, testified that the natural drainage of the area was in the same direction as the drainage ditch. One of the Baileys' witnesses, Everett Gale Martin, a well-driller who had worked in the area, admitted on cross-examination that the water in the area would eventually reach La Jara Creek without the ditch. These conclusions were supported by the testimony of various La Jara Creek claimants. The fact that such testimony was in conflict with that of the Baileys and Peterson requires us to accept the findings of the trial court unless so manifestly against the weight of the evidence as to compel a contrary conclusion. See *Nicoloff v. Bloom Land and Cattle Company,* 100 Colo. 137, 66 P. (2d) 333 (1937).

That the Baileys and Peterson intercepted the waters of the San Luis Valley Drainage Ditch before they emptied into La Jara Creek is immaterial. Since these waters were tributary to La Jara Creek, they were subject to the prior appropriations thereon. In *Comstock v. Ramsay,* 55 Colo. 244, 133 Pac. 1107 (1913), this Court addressed itself to the issue of whether drainage and seepage waters tributary to a natural stream could be independently appropriated by intercepting such waters before they comingled with the stream. In holding that such waters were first subject to the prior appropriations of others on the stream, Mr. Justice Bailey wrote one of our leading water law opinions on this phase of

the law. A pertinent passage therefrom will readily dispose of the issue here:

"It appears from the statements of the trial judge that these waters had either already done so, or would at least eventually return to and become a part of the river; but it was held (by the trial court) that until they had actually mingled with the waters of the stream they were subject to independent appropriation. The fact that this drainage ditch did not directly tap the river itself and withdraw water from it, or from the water table thereof, but only intercepted water in its course to the river, seems to have been decisive with the trial court that there was no interference with the river flow. That the river flow is as much affected by intercepting and diverting water, which otherwise would flow into it, as by directly withdrawing water from its channel, seems axiomatic. A judgment based upon the theory of the court as indicated above is unsound and cannot be upheld. To do so would overthrow and nullify every fundamental principle upon which the rights of appropriators of water in the state for beneficial use rest."

The doctrine of the *Comstock* decision has often been followed and we again reaffirm it. See for example *Trowell Land and Irrigation Company v. Bijou Irrigation District, et al.,* 65 Colo. 202, 210-17, 176 Pac. 292, 295-297 (1918) and *Rio Grande Reservoir and Ditch Co. v. Wagon Wheel Gap Improvement Co.,* 68 Colo., 437, 191 Pac. 129 (1920).

The La Jara Creek claimants, with the exception of the Reynold's Ditch owner, are entitled as against both the Baileys and Peterson to have the conditions upon La Jara Creek substantially maintained as they existed when their appropriations were made and as they existed during the continuance and perfection of such appropriations.

The Reynold's Ditch owner is entitled to the same protection only as against the Baileys, and Peterson in turn

is likewise entitled to protection as against both the Reynold's Ditch owner and the Baileys. *Comstock,* supra.

The judgment is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE FRANTZ concur.