509 P.2d 1276 (1973)
Austin P. WILLIAMS, Plaintiff-Appellant,
v.
STOCKMAN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 72-127.
Colorado Court of Appeals, Div. II.
April 17, 1973.
A. Daniel Rooney, Aurora, for plaintiff-appellant.
White & Steele, P. C., John E. Clough, Denver, for defendant-appellee.
Selected for Official Publication.
DWYER, Judge.
Plaintiff, Austin P. Williams, was employed as a broker-manager by defendant, Stockman National Life Insurance Co., from April 28, 1969, until April 30, 1970. Under a written employment contract, plaintiff was to receive commissions on new business written and additional commissions upon renewal premiums when paid. On November 28, 1969, plaintiff, filed a petition in bankruptcy and was subsequently discharged pursuant to the Bankruptcy Act. Prior to November 28, 1969, plaintiff had received the commissions due him for the business he produced, and he had also received $3,363 in advances on anticipated renewal premiums. Under the contract plaintiff was obligated to repay these advances, and his renewal commissions were assigned to defendant as security for such repayment. Plaintiff listed his debt of $3,363 to defendant in the bankruptcy proceedings. After plaintiff was discharged in bankruptcy, defendant retained $3,363 from commissions accruing to plaintiff on renewal premium payments and applied the amount retained to repayment of the advances.
In November 1970, plaintiff brought this action against defendant to recover commissions and other items of compensation which he alleged were due him. Plaintiff recovered judgment for part of his claims, but the court denied plaintiff's claim for commissions in the amount of $3,363 which the defendant had retained under the assignment. Plaintiff has appealed. We affirm.
*1277 A discharge in bankruptcy, being personal in character, releases the bankrupt's personal liability only. A valid lien on the property of the bankrupt existing at the time of the adjudication in bankruptcy, may be enforced notwithstanding the discharge of the bankrupt. Stewart-Noble Drug Co. v. Bishop-Babcock-Becker Co., 62 Colo. 197, 162 P. 159; 1A W. Collier, Bankruptcy Â¶ 17.29. Plaintiff's assignment of his renewal commissions transferred to defendant the right to receive the commissions when the premiums were paid. The assignment created an equitable lien which attached immediately to the commissions when the premiums were paid, and that lien related back to the date of the assignment. See Clatworthy v. Ferguson, 72 Colo. 259, 210 P. 693; Caldwell v. Armstrong, 10 Cir., 342 F.2d 485. Since defendant's equitable lien was in existence at the time of the plaintiff's adjudication in bankruptcy, defendant had the right to retain the commissions to satisfy its lien notwithstanding plaintiff's subsequent discharge.
The assignment involved here is to be distinguished from an assignment of wages. Under the Bankruptcy Act, a bankrupt's wages earned subsequent to the filing of the petition are free and clear of a prior assignment of such wages. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. This rule does not apply to renewal commissions earned by a bankrupt before bankruptcy. In re Wright, 2 Cir., 157 F. 544; In Re Fahys, D.C., 18 F.Supp. 529. In the present case, the plaintiff, prior to bankruptcy, had performed the services which entitled him to the renewal commissions. His assignment was a transfer of an existing property right and not an assignment of salary, wages or commissions to be earned in the future.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.