576 P.2d 188 (1978)
In re the MARRIAGE OF Vern Wilfred JOHNSON, Appellee,
Marie Bernadette Johnson, Appellant.
No. 77-078.
Colorado Court of Appeals, Division II.
December 1, 1977.
Rehearing Denied December 22, 1977.
Certiorari Denied March 20, 1978.
*189 William J. McCarren, Longmont, for appellee.
Joseph C. French, Boulder, for appellant.
ENOCH, Judge.
This is an appeal by appellant wife from orders entered in a dissolution of marriage proceeding. We reverse.
In January 1976, husband filed an action to dissolve their seven-year marriage. At the time of the marriage, wife had assets valued at approximately $36,000, and husband had some debts and a few assets which were not clearly identified. Soon after the marriage, she quit her job as an extension homemaker through Colorado State University, and he became engaged as a farm and ranch real estate broker.
At a property division hearing on July 9, there was evidence that husband had contributed $112,000 to the marriage from earned income, and wife had contributed $25,244 from capital towards the construction of their new house. At the beginning of the marriage, husband borrowed money for use in the construction of their residence, and because of the cyclical nature of his business, he regularly borrowed money during the marriage for living expenses and business costs. He would make payments on the loans after he had received commissions from a sale. Since the present action *190 was filed, he had increased his debt by approximately $21,000.
Husband testified that he was acting as broker on two outstanding contracts for the sale of land, which if consummated would entitle him to approximately $40,000 in commissions. Both transactions were to close on dates after the property division hearing. The financial affidavits, which did not include the anticipated commissions, valued the couple's assets at $162,000 and their debts at $59,000.
Wife, then 58 years old, testified she had a Bachelor of Science degree in Home Economics Extension Service, and had, during the marriage, taken credit courses to keep her teacher's certificate current. However, she stated that at least one semester, and probably a year of additional college work would be required before she could hope to become reemployed in her field. Though she was capable of working, her doctor had advised her against it.
The court awarded wife the value of $25,244 as premarital property, divided the remaining net assets equally and ordered husband to pay wife $300 per month maintenance for two years. Wife moved for an amendment of judgment or a new trial, contending the property division was unfair because the court had failed to consider the value of the commissions as marital assets. Wife also objected to the maintenance order. Following oral argument the court modified its decree, awarding wife $500 maintenance per month for life, and additional marital assets worth approximately $22,902.
Husband then filed a motion for an amendment of the modified judgment or a new trial. At a subsequent hearing, the trial court stated for the record that threats had been made apparently by husband against wife, her attorney, and the court. Then, after stating it had erred in considering the value of one of the commissions as a marital asset, the court reinstated and reaffirmed its original award of property division and maintenance. Wife appeals this decision.

I.
Wife contends the trial judge should have disqualified himself, pursuant to C.R.C.P. 97, at the last hearing, rather than reverse his earlier decision, because such action in light of the threat against the trial judge created the appearance of judicial impropriety. We disagree.
Adverse rulings, standing alone, do not constitute grounds for claiming bias or prejudice, United States v. Schwartz, 535 F.2d 160 (2d Cir.), nor do we find threats against the court to require disqualification. However, where a court reverses itself in favor of the person who made the threats, careful scrutiny of the court's action is required to determine that the reversal is not the result of the threat. Cf. United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778; Board of Education of City School District v. Pisa, 55 A.D.2d 128, 389 N.Y.S.2d 938.
We have reviewed the record and conclude that the reversal was based on an arguable point of law and not the result of the threat. Thus we find no impropriety nor cause for any inference of impropriety.

II.
Wife also asserts that the court erred in not considering husband's rights to commissions as "property" subject to division. We agree.
Although courts must divide property on the basis of conditions existing at the date of the hearing or decree, § 14-10-113(5), C.R.S.1973, and they cannot consider the division of property which the parties may acquire afterwards, Menor v. Menor, 154 Colo. 475, 391 P.2d 473, here, husband's rights to the commissions arose prior to the date of the hearing, and accordingly such constitute "marital property" subject to division. That is, as of the date of the hearing, husband had provided the necessary services and needed only to await the completion of the transactions before the commissions materialized. See generally Williams *191 v. Stockman National Life Insurance Co., 32 Colo.App. 227, 509 P.2d 1276.
In Ellis v. Ellis, Colo., 552 P.2d 506, the Supreme Court designated certain attributes to the concept of "property" divisible under § 14-10-113, C.R.S.1973, namely cash surrender value, loan value, redemption value, lump sum value, and value realizable after death. And here, unlike the Ellis case, where a serviceman's earned retirement pay would be divested upon his death, husband's rights to the commissions, while contingent as of the date of the hearing, would not be affected by husband's death. Indeed, if husband had died, and subsequently the transactions had been completed, his estate would have a claim for those commissions. Therefore, we hold that husband's rights to the commissions are marital property which must be considered by the court in the overall disposition of the parties' assets and liabilities.
We do not by this holding imply that wife is or is not entitled to this contingent claim or its value or a percentage of the proceeds if and when it materializes. This determination is left to the sound discretion of the trial court after consideration of all the applicable guidelines set forth in § 14-10-113, C.R.S.1973.
Since maintenance, attorneys' fees and property division issues are inextricably related, and therefore must be reconsidered together, Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006; In re the Marriage of Lodholm, 35 Colo.App. 411, 536 P.2d 842, we reverse the judgment of the trial court and remand the cause for a new trial on disposition of property and liabilities (valued as of July 9, 1976) and on maintenance and attorneys' fees (based on the effect of the new property division order and the circumstances of the parties at the time of the forthcoming hearing). The orders relative to maintenance heretofore entered shall remain in full force and effect, pending further order of the trial court.
VanCISE and STERNBERG, JJ., concur.