**In re the MARRIAGE OF William R. FAULKNER, Petitioner,**

**and**

**Melissa Faulkner, Respondent.**

**No. 81SC53.**

Supreme Court of Colorado, En Banc.

Sept. 13, 1982.

discharged.

Marshall & Marshall, Donald W. Marshall, Jr., Denver, for petitioner.

David D. Mulligan, Aurora, for respondent.

HODGES, Chief Justice.

We granted the husband's petition for certiorari to review the court of appeals' decision in *In Re the Marriage of Faulkner*, (Colo.App.1980) (not selected for official publication). The husband asserts that the court of appeals erroneously affirmed the trial court's division of marital property, which he alleges was unconscionable and a gross abuse of the trial court's discretion. We do not agree with this assertion and therefore affirm the judgment of the court of appeals.

The six-year marriage of Melissa Faulkner and William R. Faulkner was dissolved. Parties had no children. At the time of dissolution, the husband earned $3,300 per month and the wife earned $988 per month. Despite this substantial joint income, the parties' marital estate had a negative net worth of $1,421. Their marital liabilities amounted to $97,411, while their assets totaled $95,990.

The trial court divided the marital property as follows—the wife received the family home valued at $63,000 having a $52,800 encumbrance, the furniture then in her possession valued at $3,650, a 1975 automobile valued at $700 having a $900 encumbrance, and two bank accounts totaling $150. Also, the husband was ordered to pay her three maintenance payments of $500 per month as assistance in straightening out her finan-

cial affairs. This award provided the wife with positive equity of $13,800.

To the husband, the court awarded a land syndication interest valued at $23,852, furniture valued at $850 then in his possession, and the husband's $3,788 pension fund. Then, after taking "into consideration the disparity of the incomes of the parties, the future earning capacities of each of the parties, the present needs and the nature of the debts," the trial court ordered the husband to pay certain debts of the parties amounting to $43,711. These involved for the most part consumer obligations and a loan in the amount of $28,650 which the husband received from his mother to purchase the land syndication interest. The court's award gave the husband a negative equity of $15,221.

The husband asserts that the trial court's order creates an inequitable and unconscionable division and is thereby a gross abuse of discretion. Also, he contends that the trial court's award violates section 14–10–113(2)(c), C.R.S. 1973, which prohibits a distribution order from including property acquired after the dissolution. The husband argues that the order violates this provision by forcing him to apply his future earnings to retire the debts imposed upon him by the trial court's order.

█ It is uncontroverted that a trial court may not include the future income of one spouse within the marital property to be distributed. *Id. See In Re Marriage of Johnson,* 40 Colo.App. 250, 576 P.2d 188 (1977). However, it does not follow that the court may not consider the earning capabilities of one spouse when determining a fair property distribution. It should appear obvious that a spouse's earning capabilities are properly part of the "economic circumstances" the court must consider in compliance with section 14–10–113(1), C.R.S. 1973. This section provides that in making its distribution order, a trial court must consider all relevant factors, including:

> "(a) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; (b) The value of the proper-

ty set apart to each spouse; (c) *The economic circumstances of each spouse at the time the division of property is to become effective,* including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and (d) any increases or decreases in the value of the separate property of the spouse during the marriage or the depletion of the separate property for marital purposes." (Emphasis added.)

*See also In Re Marriage of Ellis,* 36 Colo. App. 234, 538 P.2d 1347 (1975), *aff'd.,* 191 Colo. 317, 552 P.2d 506 (1976). Thus, in determining the property distribution, the trial court did not err when it took into consideration the future earning capacities of the husband and wife. Section 14–10–113(2)(c), C.R.S. 1973 is not violated solely because the award forces the husband to apply future earnings to retire present debts of the marital estate. We also reject the husband's argument that under this statutory section the court is required to offset the marital assets by the debts before distributing the property.

██ We also reject the husband's assertion that the trial court abused its discretion by failing to first deduct the marital liabilities from the assets. A trial court has broad discretion in dividing marital property, and upon review, an appellate court will not disturb such division absent a clear abuse of such discretion. *See In Re Marriage of Graham,* 194 Colo. 429, 574 P.2d 75 (1978). Here, the trial court properly followed the statutory dictates regarding property distribution.

We are also unpersuaded by the husband's references to *Donnelly v. Donnelly,* 167 Colo. 229, 449 P.2d 350 (1968) and *Bell v. Bell,* 150 Colo. 174, 371 P.2d 773 (1962) as supporting his argument that the trial court abused its discretion. Each of those cases involved distribution orders presenting manifest abuses of discretion. In *Donnelly,* the trial court ordered that the wife be given a cash award of $33,000 despite its finding that two years earlier the husband's liabilities exceeded his assets by $64,788.42,

while that same year, his estate showed a negative net worth of $196,699.41. At the time of the distribution decree in *Donnelly,* the husband clearly had a negative net worth and it was, therefore, improper to order him to pay the wife $33,000 in cash, in addition to the other property distributed.

In *Bell,* the trial court awarded to the wife properties which were subject to $50,100 in encumbrances, and ordered the husband to pay off these encumbrances within six months. However, the evidence clearly showed that the properties awarded to the husband were themselves heavily encumbered and his two businesses were subject to substantial indebtedness, making it impossible for him to comply with the order. We found this distribution order to be manifestly unfair and inequitable, and thereby an abuse of discretion.

Unlike *Donnelly* and *Bell,* the facts here do not in any manner rise to such a level of manifest unfairness. In *Donnelly* and *Bell,* the awards would have effectively led to the impoverishment of the husbands and the confiscation of their assets. Such has not been shown from the facts of this case.

From our review of this record, we conclude, as did the court of appeals, that the trial court did not abuse its discretion in its effort to fairly distribute the marital property and settle the marital liabilities in accordance with the economic circumstances of each of the parties.

The judgment of the court of appeals is affirmed.