In re the MARRIAGE OF James T.
BAYER, Appellant,

and

Patricia S. Bayer, Appellee.

No. 82CA1106.

Colorado Court of Appeals,
Div. III.

Aug. 23, 1984.

Epstein, Epstein & Lozow, P.C., Peter L. Franklin, Frederick Epstein, Denver, for appellant.

Plaut, Lipstein & Beckman, P.C., Frank Plaut, Bruce Gordon, Lakewood, for appellee.

METZGER, Judge.

In this dissolution of marriage action husband appeals from the permanent orders relative to maintenance, distribution of property, and the award of attorney fees and expert witness fees. We affirm.

Husband and wife had been married thirty-three years. Husband was a successful attorney who reported earnings of $157,500 in 1981. Wife was self-employed as a public relations consultant. She earned $7,000 in 1981, but testified that she would run a deficit over the long run.

The court valued the marital estate at $665,389. It stated that the husband should receive 60 percent of the property, but exceeded this percentage by awarding the husband marital assets valued at $489,-102. To compensate the wife, husband was ordered to pay the wife $9,270 in cash, and to execute a promissory note to her for $84,000, with principal payable at the rate of $500 per month. The note also bore interest at the rate of 1 percent per month on the declining balance. The court awarded wife $2,700 per month maintenance, specifically retaining jurisdiction to modify that amount. As well, husband was ordered to pay $6,000 toward wife's attorney and expert witness fees.

I.

■ Husband contends that the court committed several errors in valuing and in dividing the marital property. First, he argues that the court erred in finding that his accounts receivable constituted marital property and that their value was $62,970. We reject this argument.

Husband testified that, under his law firm's partnership agreement, his retirement or death would entitle him, or his estate, to 90 percent of his outstanding receivables. At the time of the hearing, his outstanding receivables were $153,012.

The receivables, which were awarded to husband, represent debts for services already rendered, and husband's estate would be entitled to them upon his death. Consequently, they constitute "marital property" within the meaning of § 14–10–113(1), C.R.S. (1983 Cum.Supp.). *Ellis v. Ellis,* 191 Colo. 317, 552 P.2d 506 (1976); *In re Marriage of Johnson,* 40 Colo.App. 250, 576 P.2d 188 (1977).

■ Nor did the court err in its valuation of the receivables. *Moss v. Moss,* 190 Colo. 491, 549 P.2d 404 (1976), cited by husband, did not hold that receivables are not subject to valuation; it merely indicated the breadth of the trial court's discretion when considering the valuation and distribution of shareholders' interests in a professional corporation.

Here, the court reduced the value of the receivables by 10 percent as provided in the partnership agreement and, in accordance with the testimony of the wife's expert, reduced the value an additional 10 percent for uncollectibility. The court further re-

duced the value to compensate husband for income tax consequences; its final valuation of $62,970 was approximately 41 percent of the total amount of $153,012. These findings are supported by evidence in the record, and we will not disturb them on review. *In re Marriage of Hoffman*, 650 P.2d 1344 (Colo.App.1982).

■ Husband next contends that the trial court erred because it failed to reduce the value of his retirement funds to account for the tax consequences of early withdrawal. There was conflicting expert testimony whether proper valuation of these funds should take into account early withdrawal penalties.

Here, the tax evaluation of husband's expert was based solely on hypothetical actions which, if undertaken, would be wholly within the control of the husband. There was no evidence that husband contemplated making an early withdrawal of these funds. In light of the evidence before it, the trial court did not err in rejecting this testimony and basing its valuation on the testimony of the wife's expert.

■ Citing *In re Marriage of Woodrum*, 618 P.2d 732 (Colo.App.1980), husband next contends that the trial court erred in awarding him "gross" rather than "net" equity in a mountain condominium. He argues the court should have subtracted capital gains tax which would be imposed were he to sell the property. We disagree.

*Woodrum* stands for the proposition that the trial court has discretion in determining whether "an equitable distribution can best be achieved by considering the net equity rather than the gross equity" Here, husband testified that he desired to keep the condominium because it served as his mountain retreat. Since there was no evidence of a potential sale of the property, and since the entire property was awarded to husband, there was no abuse of discretion in the court's decision to use gross equity in its valuation. *See Rhoades v. Rhoades*, 188 Colo. 423, 535 P.2d 1122 (1975).

■ Husband next argues that the court erred in assigning a zero value to wife's interest in her public relations business. The value of this interest was the subject of conflicting expert testimony, and the court chose to believe the wife's expert. We are not at liberty to disturb the trial court's findings of fact. *In re Marriage of Hoffman, supra.*

The husband asserts numerous other errors in valuation of the marital property and debts, but we find them to be without merit.

## II.

Husband next contends that the trial court erred in awarding maintenance of $2,700 per month to wife. He argues that the court underestimated the wife's ability to earn income through work and by investing her share of the marital property.

■ The validity of a maintenance award must be viewed in the context of the property division, and will not be reversed unless the trial court abused its discretion. *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981). Here, we find no abuse of discretion.

■ With respect to wife's earning capacity, the court received evidence that her age precluded her from obtaining employment in the public relations field and that her business was failing. There was additional evidence that she was experiencing psychological problems which interfered with her ability to work.

While the court made a conservative estimate of wife's ability to earn interest from her share of the marital property, the court determined that husband's liberal estimate did not account sufficiently for tax consequences to husband and wife. Furthermore, this award must be viewed in light of the court's concern that the wife continue to enjoy the standard of living she had experienced during the 33 year marriage. The court's thorough findings here were well-supported by the evidence, took into account the factors contained in § 14-10-114, C.R.S., and constituted no abuse of

discretion. *In re Marriage of Jones, supra.*

### III.

■ Finally, husband contends that the trial court abused its discretion in ordering husband to pay $6,000 of wife's attorney fees. Section 14–10–119, C.R.S. (1983 Cum. Supp.). We find no abuse of discretion. *In re Marriage of Peterson*, 40 Colo.App. 115, 572 P.2d 849 (1977).

■ We do not view all of the issues raised by the husband as frivolous and, therefore, decline to award costs and attorney fees to wife. *Cf. In re Marriage of Trask*, 40 Colo.App. 556, 580 P.2d 825 (1978).

The judgment is affirmed.

TURSI and BABCOCK, JJ., concur.