In re the MARRIAGE OF Holly J. VOGT, Appellee,

and

Donald D. Vogt, Appellant.

No. 87CA1190.

Colorado Court of Appeals, Div. IV.

April 13, 1989.

Sherman & Howard, William L. Hunnicutt, Lily Appelman, Denver, for appellee.

Polidori, Rasmussen, Gerome & Jacobson, Gary L. Polidori, Peter L. Franklin, Lakewood, for appellant.

REED, Judge.

In this dissolution of marriage proceeding, Donald D. Vogt (husband) appeals that portion of the permanent orders which awarded to Holly J. Vogt (wife) a 50% interest in the proceeds of two contingency attorney fees of which the husband was part owner. We affirm in part, reverse in part, and remand with directions.

## I.

The husband contends that the court erred in concluding that his interest in two contingency attorney fees (the Westbury fee and the Fairview fee) were part of the marital estate. We disagree.

As a member of a law firm, the husband is entitled to share in contingency attorney fees in about five or six cases handled by his firm during this marriage. The evidence is undisputed, that, in the event of his death, his estate would be entitled to his interest in those fees. The trial court awarded to the husband any interest in all contingency fees except the Westbury fee and the Fairview fee. As to these two fees the court found: "The contingency fees are marital property to the extent that [husband] performed the work entitling him to such fees during the marriage." It then awarded to the wife one-half of the husband's interest in those two fees.

The Westbury case was settled just before the granting of the decree of dissolution. The fee vested and matured during the time of the marriage although it was not collected. The Fairview case, however, is one in which a substantial verdict was obtained on behalf of a client of the husband's firm. This judgment was entered during the parties' marriage, but was on appeal when the court entered permanent orders. In its findings, the court recognized that the judgment could be reversed and that the case could require additional work before any fee would be received.

The husband argues that, under these circumstances, the future of the judgment is entirely speculative and that, in any event, the appeal would entail additional legal services and expenses, even if sustained. Thus, he contends that the proceeds from such fees are only an expectancy reflecting the husband's future income acquired after the dissolution and not marital property. We disagree.

■ Deferred compensation earned during marriage but payable after dissolution constitutes marital property subject to division. *In re Marriage of Johnson,* 40 Colo. App. 250, 576 P.2d 188 (1977). In *Garrett v. Garrett,* 140 Ariz. 564, 683 P.2d 1166 (App.1983), the Arizona Court of Appeals expressly held that an attorney's contingency fees are not mere expectancies, but rather, are valuable contract rights acquired during marriage and, as such, constitute a part of the marital estate. We find that holding persuasive. Thus, the trial court properly included the husband's interest in both fees as marital assets subject to division.

## II.

Husband further contends that, even if his interest in these two fees constitute marital property, the court erred in awarding the wife a 50% share without regard to future legal services and expenses necessary to sustain and collect the judgments. We agree in part.

The trial court is vested with broad discretion to fashion an equitable division of the property in a dissolution proceeding. *In re Marriage of Gallo,* 752 P.2d 47 (Colo. 1988). Moreover, "a rule directed to the disposition of property in a dissolution proceeding can only be as sound as the economic reality which it attempts to service." *In re Marriage of Grubb,* 745 P.2d 661 (Colo.1987).

One method approved by our supreme court for the division of vested but unmatured contingency payments is the "reserve jurisdiction method." This allows the trial court to determine the division formula at the time of the decree but to retain jurisdiction to distribute payment when the contingent funds are received. *In re Marriage of Gallo, supra.*

### A.

■ As to the Westbury fee, the settling of that case during the time of marriage removed the contingent nature of the fee and converted it into an account receivable.

Accordingly, the husband's interest is subject to distribution as marital property. *In re Marriage of Bayer*, 687 P.2d 537 (Colo. App.1984). We conclude that the equal division of the husband's interest in the fee rested within the sound discretion of the trial court, and, being supported by competent evidence, that division will not be disturbed on appeal. *In re Marriage of Price*, 727 P.2d 1073 (Colo.1986).

### B.

As to the Fairview fee, however, we conclude that the trial court erred in part.

■ The trial court's division of the Fairview fee was well within the "reserve jurisdiction method" approved in *Gallo, supra.* However, the trial court should have limited its order to the portion of the husband's interest in the fee attributable to work done during the marriage.

Husband's other challenges to the permanent orders are without merit.

Accordingly, the portion of the judgment concerned with the award of the Fairview fee is reversed, and the cause is remanded to the trial court with directions to modify the judgment and to retain jurisdiction for a determination and division of the marital interest in that fee when payable. In all other respects, the judgment is affirmed.

TURSI and JONES, JJ., concur.