**In re the MARRIAGE OF Bernadette K. ANDERSON, Appellant,**

**and**

**Richard A. Anderson, Appellee.**

**No. 89CA0865.**

Colorado Court of Appeals,
Div. II.

Dec. 6, 1990.

Rehearing Denied Jan. 24, 1991.

Certiorari Denied June 10, 1991.

Timothy B. Walker, P.C., Timothy B. Walker, Littleton, Lozow, Lozow & Elliott, Donald L. Lozow, Denver, for appellant.

Malman & Malman, P.C., Robert L. Malman, Denver, for appellee.

Opinion by Judge ROTHENBERG.

In this dissolution of marriage action, Bernadette K. Anderson (wife) appeals from permanent orders entered relating to distribution of property and maintenance. We reverse and remand with directions.

The principal issue on appeal is whether husband's player contract with a professional basketball team constitutes marital property subject to division.

At the time of the decree on March 1, 1989, husband was currently under a three-year contract with the Portland Trail Blazers for the 1988–89, 1989–90 and 1990–91 seasons. According to the contract, he was to receive three yearly lump sum payments totalling 1.5 million dollars. On October 5, 1988, and December 1, 1988, he received the first payment which totalled $267,000 after taxes. Remaining payments of $475,-

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

000 and $575,000 were payable December 1989 and December 1990, respectively.

The NBA player contract in issue was never made part of the trial court record, but testimony of both husband and his attorney-agent indicated that the contract guaranteed payment: (1) if he died; (2) if he sustained injury during an NBA game or an official practice session; (3) if he had a mental breakdown or disability; (4) if he was terminated for lack of skill; or (5) if he were traded or waived by the team. Payment was not guaranteed if he sustained a physical disability from an injury unrelated to an NBA game or practice, or if he failed to pass a physical exam at the beginning of each season.

Husband testified that he used part of the $267,000 received to pay marital debts, child support, maintenance, and mortgage payments on the parties' townhome. At the time of permanent orders however, he still had $150,000 in treasury securities and $14,000 in his checking account.

The trial court ruled that husband's NBA contract including the $267,000 payment already received by husband was not marital property, but was income belonging to the husband for husband's future services.

On appeal wife argues that husband's NBA contract is marital property, and she relies heavily on cases holding that a spouse's compensation which is deferred until after the dissolution, but fully earned during the marriage, is marital property. *See In re Marriage of Vogt,* 773 P.2d 631 (Colo.App.1989) (contingent attorney fees); *In re Marriage of Bayer,* 687 P.2d 537 (Colo.App.1984) (contingent attorney fees); and *In re Marriage of Johnson,* 40 Colo. App. 250, 576 P.2d 188 (1977) (real estate commissions).

*In re Marriage of Bayer, supra,* and *In re Marriage of Vogt, supra* involved the issue of whether a contingent asset (attorney fees) was a valuable contract right and therefore marital property, or a mere expectancy and therefore not marital property. We ruled that the attorney fees were marital property because, in both cases, the spouses who were attorneys were entitled

to their fees and, if they died, their estates would be entitled to an interest in the fees.

In contrast to wife's position, husband contends that the contract is not property but is merely future income. *In re Marriage of Faulkner,* 652 P.2d 572 (Colo. 1982)

To some extent, both parties are correct. Husband's contract was signed during the marriage. He began performance on it and he received the first of three lump sum payments during the marriage. He passed his physical for the 1988–89 season, and if he dies, becomes mentally or physically disabled, plays poorly, is fired, traded or waived, he is still entitled to retain his first lump sum payment.

■ In our view, the money already received by husband during the marriage is not future income. It is cash on hand and therefore marital property subject to division. Accordingly, we hold that the money paid under the contract for the 1988–89 season and not expended for marital purposes as of the date of the dissolution *is* marital property subject to equitable division, and the trial court erred in ruling otherwise.

■ However, as to the final two years of husband's contract, we hold that those payments to be received for the 1989–90 and 1990–91 seasons do not constitute property; rather, they constitute future income. *See In re Marriage of Faulkner, supra.*

Section 14–10–113, C.R.S. (1987 Repl.Vol. 6B) requires a trial court to consider three separate issues regarding the equitable distribution of assets in a dissolution: (1) It must characterize the asset and determine whether it is property; (2) it must then allocate the asset as separate property of one spouse or as marital property; and (3) finally, it must distribute the property equitably. *See generally* Walker, *Distribution of Property Upon Dissolution of Marriage,* 9 Colo.Law. 1531 (August 1980).

On remand, the court should consider all relevant factors in distributing the marital property here including the contribution of each spouse during the marriage, the fact of their separation, and any dissipation of

marital property. *See* § 14–10–113(1)(a) to (d), C.R.S. (1987 Repl.Vol. 6B). Since the issues of spousal support and property are inextricably interwoven, the court on remand should also reconsider its award of maintenance, an issue also raised by wife in this appeal. *See Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972).

Inasmuch as we have characterized the money actually received and not expended for marital purposes as of the date of the dissolution as marital property, and the unpaid balance of the contract proceeds as income and not property, we need not address the parties' remaining contentions.

The judgment as to maintenance and division of property is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.

TURSI and HUME, JJ., concur.