**In re the MARRIAGE OF Carole Janine HOLMES, Appellant,**

**and**

**Michael H. HOLMES, Appellee.**

**No. 91CA1415.**

Colorado Court of Appeals, Div. I.

Oct. 8, 1992.

White, Pickard & Herren, Mary Ray White, Doris A. Waters, Denver, for appellant.

Myers, Hoppin, Bradley and DeVitt, P.C., Charles T. Hoppin, Denver, for appellee.

Opinion by Judge BRIGGS.

In this dissolution of marriage proceeding, Carole Janine Holmes (wife) contends that the trial court erred in determining that a severance plan provided to Michael H. Holmes (husband) does not constitute marital property. We affirm.

## · I.

The parties were married for approximately twenty-three years when the decree of dissolution was entered. During all but the first four years of the marriage, the husband was employed by Public Service Company at its Fort St. Vrain Nuclear Operations Division.

Two years prior to the dissolution Public Service notified its employees that the nuclear plant was going to be decommissioned. During the decommissioning process employees were to be released in phases.

Under a plan offered to the husband and other employees, an employee would receive a notice of termination. The employee would then have 90 days to choose one of three options. The employee could (1) secure a transfer to another position within the company and receive no severance or additional benefits; (2) choose a career continuation plan and receive an additional 90 days continued salary, career counseling, and benefits, and if unable to transfer to another position in the company within such 90 days, receive a reduced lump-sum severance payment based on length of service plus three months of continued health insurance; or (3) terminate employment after expiration of the 90–day notification period and be entitled to one year's salary plus a benefit supplement to obtain continued health insurance coverage.

The plan was designed as an incentive to retain the work force necessary to complete nuclear operations, defueling, and component removal. It was also intended to provide employees with options concern-

ing career continuation and with a fair and equitable incentive to remain in their positions until their services were no longer required.

To qualify for the options, an employee must receive the notice of termination while still employed. An employee is ineligible for the plan if, before receiving the notice of release, the employee quits, is fired, dies, is disabled, or transfers to another division of the company. At the time of the decree, the husband had not yet received a notice of termination, and it was unknown when he would.

The trial court found that the severance plan was not deferred compensation for work or services that had been performed by the husband during the course of the marriage. It also found that, although the plan was enacted during the marriage and would be valued based upon the length of service performed during the marriage, the right to such severance was dependent on receiving a company termination notice. Thus, the trial court concluded that any benefits under the plan were not marital property.

## II.

■ The wife asserts that the trial court's determination that any payments the husband may receive under the personnel plan do not constitute marital property is contrary to the reasoning and rationale of recent case law expanding the scope of marital property. We disagree.

■ In a dissolution of marriage, property must be classified realistically based upon the nature of the asset in question. *In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987). We have adopted an analytical approach under which deferred compensation for past services rendered is ·marital property to the extent that the benefits are attributable to employment during marriage. Benefits found to be marital property include vested but unmatured pension plans, *In re Marriage of Grubb, supra;* vested and matured military retirement payments, *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988); and non-vested military retirement benefits. *In re Marriage*

*of Beckman*, 800 P.2d 1376 (Colo.App. 1990).

In contrast, workers' compensation benefits which provide compensation for post-dissolution loss of earning capacity are not marital property. *In re Marriage of Smith*, 817 P.2d 641 (Colo.App.1991). Similarly, payments under a contract for three years employment which were to be received after the date of dissolution are not marital property, but, rather, constitute future income which is not subject to division. *In re Marriage of Anderson*, 811 P.2d 419 (Colo.App.1990).

In most cases, the ostensible purpose of severance pay is to provide a salary substitute for the worker while he or she searches for a new job. J. McCahey, *Valuation & Distribution of Marital Property* § 23–04 at 23–62 (1992). Such pay typically compensates the employee for the economic exigencies and detriments resulting from permanent separation from service without fault and is intended primarily to alleviate the consequent need for economic readjustment and to compensate for certain losses attributable to dismissal. *In re Marriage of Bishop*, 729 P.2d 647 (Wash. App.1986).

The evidence here shows that any payments the husband may receive under the personnel program constitute severance pay to replace expected loss of income and not deferred compensation for services rendered during the marriage. A representative of Public Service explained that the purpose of the plan is "to assist people in finding a job after they have been released from [the] company so that they have some means of support—if they take the severance option—as they look for a new job." He testified that no benefits survive death, a beneficiary of the benefits may not be designated, and the plan is not compensation for past work. Rather, payments under the plan are considered a substitute for unemployment compensation. All payments are subject to normal wage withholdings for federal and state income taxes, social security taxes, and medicare.

Here, the husband's right to severance pay is not part of his normal salary and benefit program as an employee, but is unilaterally provided to him by the employer to replace compensation which may be lost after he is terminated and before he has located a new job. In these circumstances the payments constitute future income, and the right to such payments is not marital property. *See In re Marriage of Lawson,* 208 Cal.App.3d 446, 256 Cal.Rptr. 283 (1989) (separation allowance for the purpose of compensating husband for future loss of earnings and living expenses while seeking new employment is husband's separate property); *In re Marriage of Wright,* 140 Cal.App.3d 342, 189 Cal. Rptr. 336 (1983) (termination payment made after marriage in recognition that the spouse would encounter difficulty in securing future employment and would face diminished earnings in the immediate future is husband's separate property).

The fact that the severance plan, like pension plans, was offered as an incentive to employees to remain in their positions until the Fort St. Vrain plant could terminate operations is not dispositive. Severance plans, like retirement plans, help maintain the good will of employees and the community generally, but nevertheless may be separate property because the payments substitute for wages which would be the separate property of the dismissed employee. *See In re Marriage of Bishop, supra.*

The right to workers' compensation benefits may likewise provide an incentive for an employee to stay, but if the purpose is to replace income which may be lost after the marriage, the benefits are not marital property. *See In re Marriage of Smith, supra; see also Perez v. Perez,* 587 S.W.2d 671 (Tex.1979) (civilian readjustment benefits which were an incentive for qualified reservists to remain on duty nevertheless constitute separate property).

Nor is a different conclusion required merely because the amount of benefits to be received is based on length of employment or current salary. Such a formula may, for example, represent the company's

recognition that as a worker gets older, the consequences of involuntary dismissal become more devastating in terms of economic impact. *See In re Marriage of Bishop, supra.* Further, it's not unreasonable to calculate expected lost income immediately after termination based on income immediately prior to termination. Here, the evidence supports the trial court's findings that, although the benefit might be calculated based on salary or length of employment, it was still contingent on the future event of termination and did not constitute deferred compensation for services rendered during the marriage. *See In re Marriage of Lawson, supra.*

The cases cited by the wife from other states are distinguishable. The right to renewal commissions in *In re Marriage of Skaden,* 19 Cal.3d 679, 139 Cal.Rptr. 615, 566 P.2d 249 (1977) was derived from the express terms of an insurance agent's initial contract and the commissions were payable irrespective of continued employment. Therefore, the court determined that, like pension benefits, the commissions were a form of deferred compensation for services previously rendered. *In re Marriage of Wright, supra; see also In re Marriage of Johnson,* 40 Colo.App. 250, 576 P.2d 188 (1988) (real estate commissions).

Similarly, the "severance" pay in *In re Marriage of Horn,* 181 Cal.App.3d 540, 226 Cal.Rptr. 666 (1986) derived from a collective bargaining agreement which gave the football player an absolute right to such payments. The player received the payments upon voluntary retirement. The true nature of the payments was thus more in the nature of retirement than severance benefits.

Finally, in *In re Marriage of Roark,* 34 Wash.App. 252, 659 P.2d 1133 (1983), the husband's job had been terminated prior to the dissolution. The court relied on the trial court's finding that the husband's entitlement to payments was not conditioned on continued unemployment and concluded that the benefit was not too speculative for consideration in the division of marital property. The court did not determine the

true nature of the severance benefit. *Cf. In re Marriage of Bishop, supra.*

We conclude that any payments the husband may receive under the severance plan substitute for a loss of future wages and are similar in nature to the contract payments and workers' compensation payments we have previously determined should be excluded from the scope of marital property. *See In re Marriage of Smith, supra; In re Marriage of Anderson, supra; see also* Blumberg, *Marital Property Treatment of Pensions, Disability Pay, Workers' Compensation, and Other Wage Substitutes: An Insurance, or Replacement, Analysis,* 33 UCLA L.Rev. 1250 (1986). Thus, we agree with the trial court that the husband's right to severance pay here does not constitute marital property.

Judgment affirmed.

STERNBERG, C.J., and NEY, J., concur.