In re the MARRIAGE OF Bradley W. MILLER, Appellee,

and

Kathleen A. Miller, Appellant.

No. 93CA1240.

Colorado Court of Appeals, Div. II.

June 2, 1994.

Rehearing Denied July 7, 1994.

Certiorari Granted Feb. 6, 1995.

Moore, Smith & Williams, P.C., Michael D. Liggett, Fort Collins, for appellee.

Esplin, Wallace & Kling, P.C., Nancy L. Wallace, Fort Collins, for appellant.

Opinion by Judge JONES.

In this dissolution of marriage action, Kathleen A. Miller (wife) appeals from the permanent orders for property division. The sole issue is whether certain stock options and a restricted stock grant received by Bradley W. Miller (husband) during the marriage constitute marital property in whole or in part. We conclude that the trial court correctly determined that those assets were only partially marital property and, thus, we affirm.

The parties were married on June 10, 1983. In 1988, 1990, and 1991, the husband received stock options from his employer. These options were given in return for service and as an incentive for continued employment with the company. The options could be exercised as to one-quarter of the option shares after the first anniversary date; as to one-half the shares after the second anniversary date; as to three-quarters of the shares after the third anniversary; and the options could be exercised as to all shares after the fourth anniversary date. The options could be exercised in full upon the husband's death or upon regular or disability retirement, but the options would terminate upon termination of the husband's employment for any other reason.

The husband also received a restricted stock grant in 1991, in return for his service on a two-year project and also as an incentive to remain with the company. That stock was held in escrow by the company, and the husband had no right to transfer or assign the stock, although he could vote it and receive dividends. His ownership of the stock would be "vested" or unrestricted after five years, on July 17, 1996, were he to remain a full-time employee of the company until then. If he were to die before that date, his estate would receive a pro rata number of shares proportional to the number of years elapsed in the five-year period. If his employment were to terminate for any other reason before the "vesting" date, the stock would be "forfeited" and "ownership transferred back to the company."

A personnel manager from the husband's company characterized the stock options and the restricted stock grant as "golden handcuffs."

The trial court examined the text of each individual incentive stock option and restricted stock agreement. It then ruled that a fraction of the options and restricted stock grant was marital property, that fraction representing the "ratio of the period that the parties were married during these respective options and grant in proportion to the entire length of the options or grant." Thus, that portion of the benefits which was earned during the marriage was determined by the trial court to be marital property.

While permanent orders were entered in May 1993, a decree of dissolution had been entered in 1992. The date of the decree governed distribution of marital property. Based on that date, the wife was awarded as her separate property: ½ of the 1988 option, which was then fully exercisable; ½ of ½ of the 1990 option; ½ of ¼ of the 1991 option; and ½ of 26% of the 1991 grant. The husband retained the right to exercise the options, and the wife was to receive her part of the profits or proceeds from the exercised options, dividends paid, and granted stock when it became unrestricted, net of taxes and associated costs.

The wife contends that the stock options and restricted stock grant are a form of employee benefits which are deferred compensation and thus entirely marital property. We disagree.

■ Marital property subject to division does not include property acquired after the dissolution. Section 14–10–113(2), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Faulkner*, 652 P.2d 572 (Colo.1982). However, compensation which is deferred until after the dissolution, but fully earned during the marriage, is marital property. *In re Marriage of Anderson*, 811 P.2d 419 (Colo.App.

1990); *In re Marriage of Vogt,* 773 P.2d 631 (Colo.App.1989).

■ The wife asserts that "the husband's contractual rights to the stocks have already been established," and "the only contingency which remains is that he continue in employment with [the company] until the required time elapses." However, it is that contingency that distinguishes the compensation fully earned *during* the marriage, which is marital property subject to division, from that earned *after* the marriage, which is not marital property. *See In re Marriage of Faulkner, supra; see also In re Marriage of Grubb,* 745 P.2d 661 (Colo.1987).

■ Thus, the trial court correctly concluded that those portions of the options and restricted stock grant which may become available because of the husband's continued employment after the dissolution do not constitute marital property. Rather, those portions are considered future income, not subject to division. *See In re Marriage of Anderson, supra.*

The court's division of stock options and the restricted stock grant, which we here approve, is fully in accord with Colorado law regarding the division of other future interests in property earned during the marriage but deferred until after dissolution. *See In re Marriage of Grubb, supra* (employer-supported pension plans); *In re Marriage of Gallo,* 752 P.2d 47 (Colo.1988) (vested and matured interest in a military pension); *In re Marriage of Renier,* 854 P.2d 1382 (Colo. App.1993) (stocks acquired during marriage by exercise of spouse's separately owned options were marital property); *In re Marriage of Holmes,* 841 P.2d 388 (Colo.App.1992) (future severance pay not marital property because it replaces income lost after termination); *In re Marriage of Piper,* 820 P.2d 1198 (Colo.App.1991) (value of professional practice acquired during marriage is marital property); *In re Marriage of Sewell,* 817 P.2d 594 (Colo.App.1991) (amounts earned after the date of dissolution not marital property, but amounts earned during marriage and non-legal separation, though deferred until after dissolution, are marital property); *In re Marriage of Anderson, supra* (income deferred until after dissolution but earned during marriage is marital property); *In re Marriage of Beckman,* 800 P.2d 1376 (Colo. App.1990) (unvested, unmatured military pensions). *See also In re Marriage of Vogt, supra* (contingency attorney fees to which spouse is entitled during marriage are marital property).

Several cases from other jurisdictions are in accord with our approach to determination and distribution of deferred compensation as marital property. *See, e.g., In re Marriage of Hug,* 154 Cal.App.3d 780, 201 Cal.Rptr. 676 (1984); *In re Marriage of Frederick,* 218 Ill.App.3d 533, 161 Ill.Dec. 254, 578 N.E.2d 612 (1991); Annot., 46 A.L.R.4th 640 (1986). *See also* 1 J. McCahey, *Valuation & Distribution of Marital Property,* § 18.03[3][f][ii] (1994); Walker, *Distribution of Property Upon Dissolution of Marriage,* 9 Colo.Law. 1531 (August 1980).

The wife also contends that: "Once the waiting period has expired, [she] should be allowed to exercise her share of the stock options upon payment of the option price and taxes due, at her discretion." However, she provides no argument or authority to support that statement, so we do not address it. *See Nicoloff v. Bloom Land & Cattle Co.,* 100 Colo. 137, 66 P.2d 333 (1937).

The judgment is affirmed.

METZGER and KAPELKE, JJ., concur.