No. 24291.

CORA LAURABELLE BROCATO *v.* BENEDITTOS BROCATO.

(473 P.2d 702)

Decided August 17, 1970.

HOWARD M. CALDER, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS writ of error is directed to a property settlement decree entered by the District Court of Las Animas County. Plaintiff in error was plaintiff in the trial court. She commenced an action for divorce in July of 1967 which, after many efforts toward reconciliation, culminated in a decree of divorce entered on March 17, 1969 in favor of both plaintiff and defendant. Thereafter, a full evidentiary hearing was held and an order and decree for division of property was entered by the court on May 9, 1969.

The parties were married in 1953 and had two children. The evidence in a great part was disputed as to the ownership and extent of assets accumulated by the parties during their fourteen-year marriage. Defendant had worked with his father in a dry-cleaning and laundry business until a short time prior to the commencement of the divorce proceeding. The plaintiff had worked intermittently in the business as circumstances permitted. The business was financed with capital provided solely by the father. Although defendant contended he was not a partner with his father, the court found him to be a partner in the business.

In May of 1967, prior to the commencement of the divorce action, the business was sold for $150,000. Of the $22,000 cash payment received, defendant was given $11,000 which, by the time of the hearing on the property settlement, had largely been expended in payment of family debts and temporary support ordered by the trial court. The $128,000 balance of the proceeds of the sale was represented by promissory notes, $64,000 of which was payable to the defendant in monthly installments of $658.04. Although defendant contended he was merely a nominee for his mother, the trial court found these notes were marital assets. The other principal marital assets were the residence which the court valued on disputed

evidence at $12,000, automobiles, and various bank accounts.

The plaintiff contended that a certain "linen service account" in the sum of $19,000 was a marital asset. However, the court found such to belong to the defendant's father. The court made a similar finding with respect to a business checking account in the sum of $6,000.

As a division of property, the court awarded to plaintiff a total of $32,000. An additional $1,572.47 was ordered paid for accumulated support arrearage. Of the total of $33,572.47 payable to plaintiff, $18,492.46 consisted of the family residence, household furniture and furnishings, an automobile, and certain checking and savings accounts which were specifically set over to the plaintiff. The balance of $15,080.01 was made payable out of the proceeds of promissory notes at the rate of $392.02 per month.

Plaintiff contends the order and decree of property division is "inequitable and unjust, arbitrary and without jurisdiction, does not correspond with the court's own findings and constitutes an abuse of discretion by the trial court." We do not agree and therefore affirm the judgment.

No rule is more firmly established in the law of divorce than that a decreed division of property arising out of the marital relationship is a matter within the sound discretion of the trial court and, if supported by competent evidence in the case, will not be disturbed on review. *Moats v. Moats*, 168 Colo. 120, 450 P.2d 64; *Walden v. Walden*, 147 Colo. 221, 363 P.2d 168; *Traynor v. Traynor*, 146 Colo. 70, 360 P.2d 431; *Green v. Green*, 139 Colo. 551, 342 P.2d 659; *Nunemacher v. Nunemacher*, 132 Colo. 300, 287 P.2d 662. An examination of the record of proceedings in the present case reveals no abuse of discretion under the facts and circumstances shown by the evidence. We will not disturb the trial court's findings on disputed evidence, nor will we substitute our

judgment of what is fair and equitable for that of the trial court.

We do note, however, as pointed out by counsel for plaintiff, what appears to be a mathematical error of $1,313.73. In calculating the total of the specific property items awarded to the plaintiff, the value of which was fixed by specific findings and which purports to be and was intended by the court to equal the sum of $18,492.46, we have arrived at a total value of only $17,178.73, leaving a deficiency of $1,313.73. We accordingly remand the action to the trial court with directions to review the computations and adjust the balance of payments due plaintiff, to the end that plaintiff shall ultimately receive the total award of $32,000 as fixed by the court.

The judgment is affirmed and the cause is remanded for further proceedings consonant with the views expressed herein.

MR. JUSTICE GROVES not participating.