577 P.2d 773 (1977)
In re the MARRIAGE OF Susan G. CARRUTHERS, Appellee, and
Perry D. Carruthers, Appellant.
No. 77-199.
Colorado Court of Appeals, Division I.
December 22, 1977.
Rehearing Denied January 19, 1978.
Certiorari Denied April 24, 1978.
*774 Francis A. Benedetti, Wray, for appellee.
Max A. Wilson, Sterling, for appellant.
COYTE, Judge.
In this action for dissolution of marriage, husband appeals from that part of the trial court's judgment relating to division of property. We affirm.
A decree dissolving the parties' five-year marriage was entered August 26, 1976. Following a hearing on January 12, 1977, the trial court found that the parties' net worth as of August 26, 1976, was in excess of $110,000. The record revealed that the husband's non-marital property totalled approximately $7,000 while the wife's non-marital property was negligible. The court awarded the wife $45,000 to $50,000 in assets (the family home with most of the household goods and furnishings).
The remaining assets (farm machinery, crops from the 1976 harvest in storage, and *775 a 1973 automobile) were awarded to the husband. These were accorded a gross value of approximately $230,000. The parties' liabilities, in the amount of $166,000, were allocated to the husband, who thus received net assets of $64,000. Among the debts allocated to the husband was the $33,000 mortgage on the family home which he was ordered to pay within 90 days.
On this appeal, husband contends that the trial court erred in determining both the extent and the value of the marital estate, resulting in an inequitable division of property.
Husband first asserts that the trial court erred in including his stored corn crop in the marital estate. He urges this was error because the crop did not exist as property at the time of the parties' separation in April 1976 and because the wife failed thereafter to contribute toward its acquisition either directly or indirectly as a homemaker. This contention is without merit.
"Marital property" is defined in § 14-10-113, C.R.S.1973. The crops at issue here do not come within one of the exceptions there listed. Property acquired subsequent to the marriage but after the parties have separated without a decree of legal separation is not excepted. The trial court found that there was a crop in existence in August 1976; hence, the property is marital. Furthermore, contrary to husband's contention here, the contribution of a spouse to the acquisition of specific property is not a factor to be considered in determining whether that property is part of the marital estate. Cf. Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606 (1969).
Husband's reliance on Imel v. United States, 184 Colo. 1, 517 P.2d 1331 (1974), to establish the date of filing of the petition as the dispositive date for determining whether property is within the marital estate is misplaced. In Imel, the court was concerned with the time of the vesting of a legal interest during the pendency of a divorce action in relation to transfer between spouses, and not, as here, with the time of vesting of marital property for purposes of defining the marital estate.
Husband also contends that if the grain should be included in the marital estate, it was improperly valued by the trial court. We disagree.
Pursuant to § 14-10-113, C.R.S.1973, the crops were to be valued as of the date of the dissolution decree, August 26, 1976, and the court stated it was valuing the crop as of that date. There was no direct evidence as to the value of the crops on that date; rather, from the evidence that was presented, the trial court determined the value of the crops which had been harvested at the date of hearing and subtracted therefrom the costs of harvesting.
There was much testimony as to money received from the sale of the crops, the present value of grain in storage, and the cost of harvesting and operating expenses, so that by computation the court could and did arrive at a figure for the value of the crops on August 26. Accordingly, since the evidence would support the computation of the trial court, the same will not be disturbed on review.
The husband further contends that the trial court erred in establishing the liabilities of the parties based upon the January 1977 figures rather than August 1976 figures. We find no merit to this contention. The husband sold crops and applied the proceeds to reduction of some of his indebtedness and paid operating expenses. If the proceeds had not been applied to the indebtedness, they would have been a current asset. Therefore, one would offset the other and bring about the same result. All computations were related back to August 26. We find no error in this computation.
Husband also contends that the court improperly determined the division of the marital assets. However, we have examined the record and find that each allocation was made upon proper consideration.
There being no showing that the court abused its discretion in dividing the marital assets, such division is binding on this court *776 on review. Brocato v. Brocato, 172 Colo. 390, 473 P.2d 702 (1970).
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.