**In re the Marriage of Frances Marie MARKS, Plaintiff-Appellant,**

**v.**

**Malcolm Avis MARKS, Defendant-Respondent.**

**No. 11666.**

Missouri Court of Appeals,
Southern District,
Division Three.

June 4, 1981.

Jeffrey C. Vaughan, Vaughan & Pruett, Charleston, for plaintiff-appellant.

Hal E. Hunter, Jr., Hunter & Hunter, New Madrid, for defendant-respondent.

HOGAN, Judge.

In this dissolution of marriage action, plaintiff Frances Marie Marks appeals from that part of the decree which distributes the parties' separate and marital property as required by § 452.330, RSMo 1978.[1] The sole point briefed and argued is that the division of marital property is so grossly disproportionate as to constitute an abuse of discretion.

We have reluctantly concluded we cannot adjudicate the appeal on its merits. Even so, some recital of the background facts is necessary to demonstrate the route by which we have reached that conclusion.

The parties reside in Mississippi County. The defendant husband is 45 years of age; the plaintiff wife's age is not shown. The parties were married in 1952; they were finally separated in 1978, inferably because the husband acquired a 24-year-old paramour.

The case had been tried by fits and starts since 1978. After the parties separated, plaintiff commenced an action for dissolution; a property settlement was executed. Plaintiff repudiated the settlement, discharged her attorney and dismissed the suit. Thereafter plaintiff employed another attorney and instituted this action on April 19, 1979.

In July 1979, plaintiff's trial counsel— who did not represent her on this appeal— took the depositions of both parties. On November 20, 1979, this cause was called for hearing. Both parties again testified. At the close of the trial, the court asked counsel for each party to submit a schedule of the property claimed by his client, either as separate or marital property. It was agreed that these documents might be considered as evidence. Schedules were submitted, although they were not signed by the parties as the court had requested. On January 10, 1980, the trial court entered an order dissolving the marriage and apportioning all the property as marital property. On January 28, the court amended the decree of its own motion.

**1.** References to statutes and rules are to RSMo 1978, V.A.M.S., and Missouri Rules of Court (11th ed. 1980).

The sparse record created by the depositions, the trial testimony and the schedules filed is vague, but it is sufficient to show the value of the parties' fixed assets. Plaintiff and defendant owned two 40-acre tracts of land located in the "southeast part" of Mississippi County. One of the tracts is improved; the other is not. Plaintiff's estimate of the value of each tract was $60,000. Defendant assigned a value of $40,000 to each parcel. According to the plaintiff, the improvements were worth $45,000 to $56,000; defendant's estimate was $20,000 to $25,000. The parties also owned other realty. An improved lot at Whiting, near East Prairie, was valued at $10,000 by the plaintiff and at $8,000 by the defendant. Three lots in Lilbourn, in New Madrid County, were worth $7,500 by plaintiff's estimate and $6,000 by defendant's. A tract of land in East Prairie, by plaintiff's estimate, was valued at $8,000; upon trial she testified that a "trailer" located on the East Prairie property "cost $4,800 in 1977." According to his schedule, defendant's farm machinery was worth $27,195 subject to a liability of $18,000; plaintiff valued the machinery at a figure "in excess of $30,000." Some of the items listed by the plaintiff, e.g., firearms and used automobiles, were manifestly overvalued by the plaintiff or were offset by a $10,000 award of "final and separate maintenance." There were other assets which *may* be marital property, e.g., the cash proceeds of defendant's 1978 crops and his 1979 soybean crop, which at trial time was stored on one of the 40-acre tracts. The cause was so indifferently tried that the value of these assets cannot be fairly estimated.

■ In any event, neither decree assigned any value to any item awarded to either party. Section 452.330.1 and like statutes have been construed to require a judgment which identifies the parties' separate and marital property and which values

and divides each marital asset. *Hopkins v. Hopkins*, 597 S.W.2d 702, 709[5] (Mo.App. 1980); *V.M. v. L.M.*, 526 S.W.2d 947, 951[9] (Mo.App.1975); *Vivian v. Vivian*, 583 P.2d 1072, 1074 (Mont.1978). Infinite detail is not required; it is not necessary that every pot, pan, broom and hoe handle be separately listed and valued. Cf. *In re Marriage of Thompson*, 79 Ill.App.3d 310, 34 Ill.Dec. 342, 398 N.E.2d 17, 22[13] (1979). The intent of the statute is that *all* the marital property be valued and divided in a single proceeding; otherwise one of the parties may go without day. *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 406–407[1][2] (Mo. banc 1980). In this case it would have been entirely proper to treat the farm machinery as a unit and to include the values of the improvements in the value assigned to the parcels of realty. The shotguns and boats laboriously enumerated in the plaintiff's schedule might well have been considered in the aggregate and valued simply as hunting and fishing equipment, but inasmuch as no value was assigned to any of the marital assets, the cause has not been fully adjudicated. *Glascock v. Glascock*, 607 S.W.2d 834–835 (Mo.App.1980); *Hopkins v. Hopkins, supra*, 597 S.W.2d at 709[6]. As a general rule, an appellate court may not exercise its jurisdiction until the trial court has fully decided the issues presented to it. *Pendleton v. Pendleton*, 532 S.W.2d 905, 906 (Mo.App.1976); *Green v. Green*, 240 S.W.2d 741, 742–743[3, 4][5–7] (Mo.App.1951); F. James and G. Hazard, Civil Procedure § 13.4, pp. 669–670 (2d ed. 1977). That rule applies here and the submission must be set aside.

Having concluded the submission must be set aside and the cause must be remanded, we have two suggestions to offer the trial court. If the division of property is inequitable, the disproportion may consist in the court's division of the parties' farm land and the crops harvested in 1978 and 1979.

One of the parties' principal assets was an 80-acre farm located "in the southeast part" of Mississippi County. The farm consists of two 40-acre tracts which do not adjoin. Upon deposition and at the trial plaintiff and defendant treated the two 40-acre tracts as discrete parcels by calling one of them the "Cooper place" or "home place" and the other the "Johnson place." It is clear that the "Cooper place" is improved and the "Johnson place" is not. No muniment of title to either tract was produced at any time. Plaintiff submitted a schedule which indicates that both tracts are located in Township 23 North, Range 16 East. Plaintiff's schedule further indicated the description came from defendant's counsel. Defendant's schedule contained a description which shows that one tract is located in Township 23 North, the other in Township 24 North. So, depending on which description is accepted, the two 40-acre tracts—one in a Section 9 and the other in a Section 3—either touch at one point or are several miles apart.

On January 10, 1980, the trial court entered a decree setting off the land in Section 3 to the plaintiff; the tract in Section 9 was awarded to the defendant, together with (a) "[a]ny furniture and appliances ... located" in the house on the property [in Section 9] and (b) 7,000 bushels of soybeans stored in a grain bin situated on the same tract. On January 28, 1980, the trial court amended its order sua sponte to assign the tract in Section 9 to the plaintiff and to award the tract in Section 3 to the defendant. Otherwise the amended decree is the same as the original decree. Neither order mentions improvements.

Considered in light of the record, the decree is confounding. The only record evidence indicating that the tract in Section 9 is the "Cooper place" or "home place" is a statement in a letter from defendant's counsel that such "[was his] understanding." The decree should be clarified to show which tract is which and whether the two parcels are both in Township 23 North. If the decree is based on judicial notice of the deed records of Mississippi County, it should so state.

The other confusing aspect of the record may be disposed of very briefly. Inferentially, the court found the proceeds of the defendant's 1978 crops and his 1979

soybean crop (stored in a bin on the "home place") to be marital property. The 1978 crop had been sold; the cash had been deposited to defendant's credit in a local bank. The final decree disposed of this crop by awarding defendant "[a]ny personal savings and checking accounts in sole name of [defendant]." The 1979 soybean crop was also awarded to the defendant. Only a part of the 1978–1979 crops were grown on the parties' farm; defendant is a sharecropper, and in 1978 and 1979 he cultivated some 300 acres on shares. Plaintiff testified upon trial that when she and the defendant separated in 1978, they established separate residences and bank accounts. She also testified that she had taken no part in the farming operations in 1978 or 1979, except that she "helped [defendant] plant two or three days when he didn't have anybody else to help him . . . ." Crops planted, cultivated and harvested during coverture are ordinarily marital property even if the spouses are separated. *Doyle v. Doyle*, 577 S.W.2d 64, 68[5] (Mo.App.1978); *In re Marriage of Carruthers*, 40 Colo.App. 278, 577 P.2d 773, 775 (1977). Nevertheless, property ordinarily considered part of the marital community may be separate property if it has been treated as such by the parties themselves. See *Gaskie v. Gaskie*, 188 Colo. 239, 534 P.2d 629, 631–632 (banc 1975). And, as this court has explained at length, *Smith v. McNew*, 381 S.W.2d 369, 373[7, 8] (Mo.App.1964), a cropper's share of the crop may constitute wages if his status is that of an employee. We are well aware that § 452.300 does not require a court to make formal findings in the absence of a request therefor. Nevertheless, *some* indication of the status of the 1978–1979 crops would tend to resolve the question whether the division of property was grossly disproportionate.

 The submission is set aside; the cause is remanded for a finding of the value of the major items awarded to each spouse and for clarification in the respects suggested, at least to the extent possible upon the record. If it wishes, the trial court may hear additional evidence. It may require counsel for each party to submit a proposed decree which it may accept or modify. We further note that plaintiff's brief does not comply with Rule 84.04(d) (12th ed. 1981). If, after remand and clarification of the decree, plaintiff wishes to appeal, counsel may amend his brief to show the particular respects in which the division of assets was inequitable.

MAUS, P. J., and PREWITT, J., concur.

BILLINGS, J., disqualified.