641 P.2d 300 (1981)
In re the MARRIAGE OF Ritz Elaine McVEY, Appellee, and
Larry Michael McVey, Appellant.
No. 80CA0727.
Colorado Court of Appeals, Div. I.
November 19, 1981.
Rehearing Denied December 17, 1981.
Jerilyn M. Cohen, Denver, for appellee.
Hall & Kinney, Stevens P. Kinney II, Denver, for appellant.
STERNBERG, Judge.
In this dissolution of marriage action, the husband appeals from an order of the trial court relating to maintenance and property division. We reverse and remand for further proceedings.
The 13-year marriage of the parties was dissolved and a permanent orders hearing was held thereafter. The court awarded custody of an 11-year-old daughter to the mother and entered orders relating to child support, division of property, and maintenance. Only the latter two orders are contested on appeal.
At the time of the hearing, the gross income of the parties was approximately equal, but because of deductions for a retirement fund, credit union and taxes, the wife earned a net of $796.23 per month. The husband's net was $1,014 per month. He was provided with a car and had other small sources of income available to him. There was evidence that for 9 years during this marriage the wife worked, thus enabling the husband to attend school and procure an undergraduate and a graduate college degree. Also, the record contains evidence of the fact that the wife had vested rights in a pension, earned through her employment, having a present value of $6,500. The court divided the assets of the parties, deducted the value of the wife's pension and then, after having considered the pension as marital property, awarded it to the wife as maintenance in gross based on her contribution to her husband's education.
The husband contends on appeal that the award of maintenance in gross was *301 improper. While maintenance in gross is not favored, nevertheless, in a proper case it may be awarded. Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006 (1972). Thus, there was no error here in and of itself because the award of maintenance was in gross.
In In re Marriage of Graham, 194 Colo. 429, 574 P.2d 75 (1978), the Supreme Court disapproved of treating an education as property subject to division, but pointed out that:
"A spouse who provides financial support while the other spouse acquires an education is not without a remedy. Where there is marital property to be divided, such contribution to the education by the other spouse may be taken into consideration by the court .... Further, if maintenance is sought and a need is demonstrated, the trial court may make an award based on all relevant factors." (emphasis added)
We interpret the phrase "a need is demonstrated," in the above quotation as referring to the statutory prerequisites that must be met before a court may award maintenance. Section 14-10-114(1), C.R.S. 1973, provides that maintenance is awardable if the court finds the spouse seeking maintenance:
"(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
(b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the house."
Considering this statute and the Supreme Court's language in Graham, supra, we conclude that a trial court may use an award of maintenance as a tool to balance equities and compensate a spouse whose work has enabled the other spouse to obtain an education; however, this tool is available for use only where the spouse seeking maintenance meets the statutory threshold requirements of need. Here, because the wife was employed and earning nearly as much as the husband, she does not clear the statutory threshold of need so as to be eligible for an award of maintenance.
Rather than simply mandating a reversal of this award of maintenance, however, the facts of this case and the findings of the trial court require that we remand the cause to that court for further proceedings concerning the property division. We do this because matters of maintenance and property division are inextricably interwoven, Carlson v. Carlson, supra, and the trial court clearly evidenced an intent to recognize the wife's contribution to her husband's education, but that intent was thwarted because of the statutory prohibition against an award of maintenance to one who does not demonstrate need. Finally, we observe that the statutory admonition to divide property "equitably" does not require an equal division. In re Marriage of Lodholm, 35 Colo.App. 411, 536 P.2d 842 (1975).
The husband's other contention of error, which relates to the valuation of items of property, is without merit. In re Marriage of Angerman, Colo.App., 612 P.2d 1166 (1980).
The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
COYTE and KIRSHBAUM, JJ., concur.