In re the MARRIAGE OF Delfina S. JACKSON, Appellee,

and

Arlen J. Jackson, Appellant.

No. 82CA1485.

Colorado Court of Appeals, Div. III.

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Certiorari Granted July 2, 1984.

Victor Zerbi, Jr., Glenwood Springs, for appellee.

James C. Vaughters, Denver, for appellant.

STERNBERG, Judge.

Arlen J. Jackson, the husband, appeals the final orders entered in this dissolution of marriage action. We affirm.

■ The husband asserts that the trial court erred in creating a "children's recreational fund" of $6,000 to be paid by the husband for the children of the parties. We perceive no error.

The court awarded the family home of the parties, a ranch, to the husband. Based on its interview with the children, the court noted that they preferred to reside with whichever parent was to be living in the ranch home. By creating the fund the court sought to equalize recreational opportunities available to the children while residing with the wife to those available on the ranch.

Creation of this fund is not dissimilar to the frequently ordered requirement that a parent pay a lump sum for education of the children. And, §§ 14–10–115(1)(c) and (d), C.R.S.1973, allow a court to consider the standard of living children would have enjoyed had the marriage endured, and to consider their emotional well-being, in awarding child support. *See In re Marriage of Brown*, 626 P.2d 755 (Colo.App. 1981). Thus, whether considered as property division or child support, the creation of this fund does not constitute error.

■ The husband also contends that the court erred in its award of custody, child support, maintenance, and property division, in failing to require a written report of the children's guardian ad litem be provided to counsel, in delaying its ruling, in evidencing bias and hostility toward him, and in not disqualifying itself.

We conclude that all of the court's rulings addressing the issues relating to custody, child support, maintenance, and property division were within the broad area of discretion with which trial courts are imbued in such matters. *See In re Marriage of Armbeck*, 33 Colo.App. 260, 518 P.2d 300 (1974) (custody); *Berge v. Berge*, 189 Colo. 103, 536 P.2d 1135 (1975) (child support); *Moss v. Moss*, 190 Colo. 491, 549 P.2d 404 (1976) (maintenance); and *In re Marriage of Talarico*, 36 Colo.App. 389, 540 P.2d 1147 (1975) (property division).

Being without legal and/or factual foundation, the other contentions of error are without merit.

We do not consider this to be a frivolous appeal and, therefore, decline to apply C.A.R. 38 as the wife urges.

The judgment is affirmed.

BABCOCK, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Although the motivation of the trial court in creating a children's recreational fund in the sum of $6,000 may be admirable under the facts of this case, it cannot be sustained under the powers granted to trial courts in the Uniform Dissolution of Marriage Act. *See In re Marriage of Serfoss*, 642 P.2d 44 (Colo.App.1981).

Since the children's recreational fund is neither subject to the guidelines and restraints for child support or division of property, the husband is left without remedy should the wife abuse the administration of the fund. And further, since there were no criteria used by the trial court to determine the amount involved, we cannot review its equities.

Child support, spousal maintenance, and property division are inextricably interwoven. I would, therefore, vacate the orders and remand to the trial court for further proceedings consistent with this view.