In re the **MARRIAGE OF Arlen J. JACKSON, Petitioner,**

**and**

**Delfina S. Jackson, Respondent.**

**No. 84SC80.**

Supreme Court of Colorado,
En Banc.

May 6, 1985.

James C. Vaughters, Denver, for petitioner.

Victor M. Zerbi, Jr., Glenwood Springs, for respondent.

ERICKSON, Chief Justice.

We granted certiorari to consider whether the Garfield County District Court abused its discretion in awarding the wife $6,000 for a "children's recreational fund" in a marriage dissolution proceeding. The court of appeals, over the dissent of Judge Tursi, held that the award could be affirmed either as a division of marital prop-erty or as child support. *In re Marriage of Jackson,* 683 P.2d 1206 (Colo.App.1983). We affirm, but for different reasons.

### I.

The Garfield County District Court dissolved the marriage of Arlen (husband) and Delfina Jackson (wife) on October 19, 1982. During their marriage the Jacksons had maintained two homes. The family's principal residence was located on a fifty acre tract of land near New Castle, Colorado. The family lived in the New Castle residence during the spring, summer and fall months of the year and spent the winter months at their other residence near Phoenix, Arizona. The Jacksons had two children (ages five and seven) at the time their marriage was dissolved.

In its order, the district court awarded permanent custody of the children to the wife and granted the husband substantial visitation rights. The court declared that the children would live with the wife during the school months, spend their summer vacations with the husband, and alternate weekend and holiday visitation with their parents.

After determining custody and visitation, the court then divided the Jacksons' property. The court set aside the New Castle residence and other assets and debts, which had a net value of $70,373.38, for the husband. The court awarded the Phoenix residence and other assets and debts, which had a net value of $56,828.02, to the wife. To equalize the property division, the court ordered the husband to pay the wife $6,772.68.

The court then stated: "Additionally, the Court is awarding a sum to wife which will enable her to provide the children with recreational opportunities, which, although different from what husband can provide, are nonetheless desirable and attractive. This sum is the amount of $6,000."

Finally, the court awarded the wife $2,400 in lump sum maintenance and $400 per month in child support. The court declared that the child support payments would be reduced to $200 per month during

the summer when the children would be residing with the husband.

The husband appealed the trial court's order and the Colorado Court of Appeals affirmed. A majority of that court concluded that the "recreational fund" could be upheld either as a division of marital property or as child support. *In re Marriage of Jackson*, 683 P.2d at 1207. Judge Tursi, in his dissent, concluded that the "recreational fund" could not be upheld under the Uniform Dissolution of Marriage Act. 683 P.2d at 1208. We conclude that the trial court intended the award to be part of the property division, and affirm the court of appeals' decision on that basis alone.

## II.

The husband contends that the award of $6,000 for a "children's recreational fund" cannot be sustained under the Uniform Dissolution of Marriage Act (§§ 14–10–101 to –133, 6 C.R.S. (1973 & 1984 Supp.)), regardless of whether the award is characterized as a property division or as child support.

The district court's order does not specify whether the $6,000 award to the wife was intended as a part of the property division or as a separate provision for child support. However, a review of the district court's order persuades us that the court intended the $6,000 award to be a part of the division of marital property. The district court's placement of the award immediately following the detailed list of properties awarded to each spouse supports this construction. We conclude that the $6,000 award is proper when considered to be part of the property division.

Section 14–10–113, 6 C.R.S. (1973 & 1984 Supp.), prescribes the criteria by which a court is to be guided in dividing the parties' property:

[T]he court shall set apart to each spouse his property and shall divide the marital property, without regard to marital misconduct, in such proportions as the court deems just after considering all relevant factors including:

(a) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(b) The value of the property set apart to each spouse;

(c) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(d) Any increases or decreases in the value of the separate property of the spouse during the marriage or the depletion of the separate property for marital purposes.

We have held that the statutory criteria are general in nature and grant wide discretion to a trial court in dividing marital property to accomplish a just result. *In re Marriage of Mann*, 655 P.2d 814 (Colo.1982); *In re Marriage of Graham*, 194 Colo. 429, 574 P.2d 75 (1978). *See also In re Marriage of Boyd*, 643 P.2d 804 (Colo.App. 1982).

In the present case, the court determined that the contributions of each party had been "substantially equal" and awarded each spouse property valued at $63,600.70. The court also awarded the wife an additional $6,000 to enable her to provide the children with "desirable and attractive" recreational opportunities. Elaborating on the reasons for the $6,000 award to the wife, the court stated:

It should be noted that the children clearly desire to live at the [New Castle] family residence. Since the family residence is being awarded to the husband certain of the [incidents] of ownership of the family residence necessarily accrue to the benefit of the husband in his relationship with the children. It is impossible for the Court to award to the wife property which would be equally attractive to the children. For that reason the Court has been generous in its award to the wife so that she may be able to afford reasonable opportunities for exposure of

the children to activities and recreations which they enjoy.

The court's reasons for making the $6,000 award to the wife are fairly embraced within the factors to be considered by a court in dividing the marital property "in such proportions as [it] deems just after considering all relevant factors...." § 14–10–113(1), 6 C.R.S. (1973); cf. § 14–10–113(1)(d), 6 C.R.S. (1973) (factors to be considered in dividing marital property include the desirability of awarding family home to spouse having custody of the children).

■■ Although the $6,000 award is supportable as a part of the property division, we do not view the trial court's order as creating a separate "recreational fund," the proceeds from which must be applied towards the children's recreational needs.[1] In our view, the "recreational opportunity" language in the order is precatory in nature and merely explains the court's reasons for awarding the wife an additional $6,000 in marital property. The trial court's order does not impose any restrictions or limitations on how the wife may ultimately dispose of the funds.

■■ While we conclude that the trial court intended the $6,000 award to be part of the property division to the wife, we reject the court of appeals' holding that the award can also be upheld as child support. The record does not establish an adequate evidentiary foundation to support the conclusion that the $6,000 was "reasonable or necessary" child support under section 14–10–115, 6 C.R.S. (1973).[2] Therefore, the lump sum award cannot be classified as child support in the circumstances of this case. The question of whether a child support order directing a parent to establish a "recreational fund" is consistent with section 14–10–115 is an issue that we leave for another day.

The judgment of the court of appeals is affirmed.

1. The General Assembly modeled section 14–10–113, 6 C.R.S. (1973), after section 307 of the Uniform Marriage and Divorce Act. Section 307 was approved by the National Conference of Commissioners on Uniform Laws in 1970. In 1973, the commissioners amended section 307 by adding an alternative statutory scheme. Alternative 307A gives a trial court express authority in a dissolution proceeding to set aside marital property in a fund or trust "for the support, maintenance, education and general welfare" of the children. See Uniform Marriage and Divorce Act Act § 307A(b), 9A U.L.A. 142–43 (1973).

2. Section 14–10–115 states in relevant part:
In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
(a) The financial resources of the child
(b) The financial resources of the custodial parent;
(c) The standard of living the child would have enjoyed had the marriage not been dissolved;
(d) The physical and emotional condition of the child and his educational needs; and
(e) The financial resources and needs of the noncustodial parent.