**In re Sherry Lou DUTTON, a.k.a. Sherry L. Dutton, a.k.a. Sherry Dutton, Social Security No. 522–74–3477, Debtor.**

**William A. SHAMBLIN and Myrtle R. Shamblin, Applicants,**

**v.**

**Sherry Lou DUTTON and William M. Bass as the Chapter 12 Trustee, Respondents.**

**Bankruptcy No. 87 B 14339 C.**

United States Bankruptcy Court, D. Colorado.

May 9, 1988.

Douglas W. Brown, Douglas W. Brown, P.C., Denver, Colo., for applicants.

Joseph A. Hambright, Grand Junction, Colo., for respondents.

## OPINION AND ORDER ON RELIEF FROM STAY OF WILLIAM A. SHAMBLIN and MYRTLE R. SHAMBLIN

PATRICIA A. CLARK, Bankruptcy Judge.

This matter comes before the Court on the motion for relief from stay filed by William A. Shamblin and Myrtle R. Shamblin (Shamblins) seeking to dismiss the Chapter 12 bankruptcy of Sherry Lou Dutton. The Shamblins contend that the debtor does not qualify for relief under Chapter 12 of the Bankruptcy Code because she did not receive more than 50 percent of her gross income for the preceding taxable year (1986) from a farming operation pursuant to the provisions of 11 U.S.C. § 101(17)(A). The debtor disagrees and contends that her income from farming operations did indeed exceed 50 percent of her share of the distribution of "joint marital enterprise" gross income for that taxable year because of her claimed entitlement to one-half of her husband's income and losses in calculating her eligibility for Chapter 12 relief.

The relevant facts are as follows. The debtor is a co-owner of certain real property in Delta County, Colorado. Her husband is the other owner, but he has not sought relief under the Bankruptcy Code. The debtor is in the midst of a dissolution of marriage proceeding in the Colorado state courts. The Shamblins hold a security interest in the real property of the debtor by virtue of a promissory note and deed of trust dated March 23, 1982. Both parties agree that there is no equity in the property. From the evidence presented at a hearing on the Shamblins' motion for relief from stay, it was disclosed that the debtor and her husband had the following earned income in 1986: wages, salaries and tips in the amount of $4,051.27 (of which $3,600 was the debtor's own income from employment at a cannery), a taxable refund of state income taxes of $38.56, a net loss from a communications venture of $1,014, a capital gain of $2,184.24 resulting from the sale of stock, net farm income of $1,005.63 which was based on unrefuted testimony that gross farm income for 1986 was $6,325.85, and approximately $1,000 in labor income received by the debtor for her work on another individual's farm.

The debtor asserts that gross non-farm income and farm income should be calculated as follows:

### Table # 1

| Non–Farm Income | | Farm Income | |
|---|---|---|---|
| Wages, Salaries and Tips | $4,051.27 | Gross Farming Operations Income | $6,325.85 |
| Tax Refunds | 38.56 | Income from Farm Labor on Non-debtor's Farm | 1,000.00 |
| Business Income or (loss) | (1,014.00) | | |
| Capital Gain or (loss) | 2,184.24 | | |
| | $5,260.07 | | $7,325.85 |

| Non–Farm Income | | Farm Income | |
|---|---|---|---|
| (Debtor–Spouse's Interest in "Joint Marital Enterprise" Under Joint Filing Status of Debtor's 1986 U.S. Income Tax Return) | × .50 | (Debtor-spouse's Interest in "Joint Marital Enterprise" Under Joint Filing Status of Debtor's 1986 U.S. Income Tax Return) | × .50 |
| Debtor's Total Non-farm Gross Income | $2,630.04 | Debtor's Total Farm Gross Income | $3,662.93 |

The Shamblins contend that the calculation for Chapter 12 eligibility should be reflected as follows:

Table #2

| Non–Farm Income | | Farm Income | |
|---|---|---|---|
| Debtor's Individual Wages, Salaries and Tips | $3,600.00 | Debtor's ½ Share of Farming Operation Income (½ × $6,325.85) | $3,162.93 |
| Business Income or (loss) | 0.00 | | |
| Debtor's Individual Income from Farm Labor on Non-debtor's Farm | 1,000.00 | | |
| Debtor's ½ Share in Capital Gain (½ of $2,184.24) | 1,092.12 | | |
| Debtor's ½ Share in Tax Refund (½ of $38.56) | 19.28 | | |
| Debtor's Total Non-farm Gross Income | $5,711.40 | Total Farm Gross Income | $3,162.93 |

Essentially there are three items in dispute between the parties in the computation of non-farm and farm gross income. The debtor contends that the business loss should be deducted from non-farm gross income and the creditor contends that the business loss is a net figure and, therefore, should not be deducted from the gross income amounts for non-farm income. The debtor contends that the $1,000 earned in barter income by the debtor for labor services provided on another individual's farm should be included in farm income, and the creditor contends that such work is non-farm income. Finally, the debtor contends that the total non-farm income and farm income of both the debtor and her husband should be divided in half to reflect the debtor's interest in that income since both parties were engaged in a "joint marital enterprise" whereby their work and income as a married couple was pooled in a community property interest. The Shamblins contend that the debtor's individual wages, salaries and tips should be attributed in full to any computation of non-farm gross income and only one-half of the income from the clearly identifiable joint income-producing enterprises with her husband should be attributed to the debtor in determining her eligibility under Chapter 12.

Neither the debtor nor the Shamblins have provided this Court with any authority supporting their proposed calculations relating to the debtor's eligibility under Chapter 12. The matter is one of first impression for this Court.

The Court begins its analysis with an examination of the language of the relevant Bankruptcy Code sections. Under 11 U.S.C. § 109(f) only a "family farmer" with regular annual income can be a debtor under Chapter 12. Section 101(17) of the Bankruptcy Code states that:

"Family farmer" means—

(a) individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate non-contingent, liquidated debts (excluding a debt for the principal residence of such individual or such indi-

vidual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, *and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed;* ....

The Bankruptcy Code does not define how "gross income" is to be calculated. However, the cases that have examined the term "gross income" have uniformly looked to the Internal Revenue Code's definition of "gross income" for guidance. See *In re Faber,* 78 B.R. 934 (Bankr.S.D.Iowa 1987); *In re Wagner,* 808 F.2d 542 (7th Cir.1986).

"Gross income" under 26 U.S.C. § 61(a) is defined as

[A]ll income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items;

(2) Gross income derived from business; ....

■ Nowhere in the Internal Revenue Code is there a provision to deduct costs or expenses associated with producing revenue in the computation of gross income. Consequently, the debtor's assertion that the business loss of $1,014 should be subtracted from non-farm income is misplaced because that loss is a net loss, calculated by subtracting the associated costs and expenses from the gross income of the venture. *See In re Faber,* 78 B.R. 934 (Bankr. S.D.Iowa 1987). Although there was no evidence of the gross income associated with the debtor's claimed net loss of $1,014, the Court will make the assumption most favorable to the debtor which is that there was no gross income associated with that loss in determining the debtor's eligibility for relief under Chapter 12.[1]

■ The debtor received approximately $1,000 in income (barter goods) for her labor on another individual's farm and the debtor asserts that because her work was performed on a farm it should be included in the calculation of farm income pursuant to Section 101(20) of the Bankruptcy Code.

11 U.S.C. § 101(20) defines "farming operation" as:

[I]ncludes farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state; ....

The leading case interpreting that section is *In re Armstrong,* 812 F.2d 1024 (7th Cir.1987), wherein the court held that the key determinant of a farming operation under the Bankruptcy Code is whether the debtor was engaged in a risk-laden enterprise in the nature of farming. Following the principle enumerated in *In re Armstrong,* this Court finds that since the debtor's services were rendered on another's farm for barter goods, her work on that farm was merely incidental to the nature of her compensation. Her employment was not risk-laden because her compensation did not apparently include any participation in the profits or losses associated with that farming operation. Therefore, the income derived from that labor is deemed to be non-farm gross income.

The following table reflects the Court's aforementioned holding on the claimed net business loss and labor income. Utilizing even the debtor's own computational approach of dividing all non-farm income and farm income in half, the debtor clearly does not qualify for relief under Chapter 12 of the Code because her non-farm gross income exceeds her farm gross income for the 1986 taxable year.

---

**1.** The outcome of this Court's determination of the debtor's eligibility for relief under Chapter 12 is unaffected by any amount of gross income connected with this business loss.

Table # 3

| Non–Farm Gross Income | | Gross Farm Income | |
|---|---|---|---|
| | | Gross Farming Operations Income | $6,325.85 |
| Wages, Salaries and Tips | $4,051.27 | | |
| Tax Refunds | 38.56 | | |
| Labor Income from Farm Labor on Non-debtor's Farm | 1,000.00 | | |
| Gross Income Attributed to Net Business Loss of $1,014 | 0.00 | | |
| Capital Gain | 2,184.24 | | |
| | $7,274.07 | | $6,325.85 |
| (Debtor-spouse's Interest in "Joint Marital Enterprise" Under Joint Filing Status of Debtor's 1986 U.S. Income Tax Return) | × .50 | (Debtor-spouse's Interest in "Joint Marital Enterprise" Under Joint Filing Status of Debtor's 1986 U.S. Income Tax Return) | × .50 |
| Debtor's Total Non–Farm Income | $3,637.04 | Debtor's Total Farm Income | $3,162.93 |

■ The resolution of the first two issues in dispute does not require that the Court address the question of what share of the gross income reported on the joint tax return of the debtor and her spouse should be attributed to the debtor. Although not essential to the Court's holding that the debtor is ineligible for relief under Chapter 12 of the Code, the Court will nonetheless discuss the debtor's theory of "joint marital enterprise" in attributing income of a non-debtor spouse to a debtor.

Under the debtor's theory of a "joint marital enterprise," a debtor is entitled to one-half of all the income earned by her spouse in the preceding tax year as reflected in their joint income tax return for 1986 even though the spouse has not joined in the voluntary petition. The Shamblins contend that the most equitable division of income under the Bankruptcy Code would be to assign to the debtor only her sole and separate income and allocate to her none of the sole and separate income of her non-debtor spouse since her spouse is not in bankruptcy. The Shamblins argue that the only circumstance to justify an equal attribution of income is when the debtor and non-debtor spouse realize income from a specifically, identifiable joint business venture in the preceding tax year.

In determining ownership of income or property, it is axiomatic that state law controls. *United States v. Mitchell*, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971). The debtor, in her argument justifying her theory of a "joint marital enterprise" overlooks the fact that Colorado is not a community property state, and therefore, any distribution of marital property among spouses does not require an equal apportionment. *See In re Marriage of Ellis*, 36 Colo.App. 234, 538 P.2d 1347 (1975) *aff'd*, 191 Colo. 317, 552 P.2d 506 (1976). Section 14–10–113, C.R.S. Pursuant to Colorado law, the governing principle in distributing property from one spouse to another is simply that the division must be just under the circumstances of the case. *See In re Marriage of Jackson*, 698 P.2d 1347 (Colo. 1985). In a similar vein, the attribution of income from one spouse to another is also subject to the broad discretion of the Court as well. *Cf. In re Marriage of Ellis*. Since there is no prescription regarding the distribution of property or attribution of income between spouses in the Bankruptcy Code or any legislative history thereof, the Court is free to fashion a framework of attribution that is bound only by the constraints of equity and fairness.[2]

**2.** Although Colorado law concerning division of property is based upon an action involving marriage dissolution, the precept of a just division of property and attribution of income in that circumstance nonetheless applies to this Court's determination of eligibility of a debtor and

Accordingly, this Court is persuaded that an individual's sole wages, salaries and tips should be attributed in full to any computation of the debtor's eligibility under Section 101(17) of the Bankruptcy Code. Since Colorado is not a community property state, none of the sole wages, salaries and tips of a non-debtor spouse should be attributed to a debtor. As a matter of policy in determining the debtor's eligibility under Chapter 12 of the Code, a debtor should not predicate her ability to qualify for relief on the basis of sharing in a non-debtor's sole and separate income in a non-community property state. However, consistent with the principles of the common law of partnerships and joint ventures, when a debtor is engaged in an identifiable joint business venture with her spouse, one-half of the gross income of that particular enterprise, in the absence of any evidence of distribution of income to the contrary, should be attributed to the debtor.

In conclusion and as a means of summary, under the facts of this case and even utilizing the aforementioned computational figures in Table #3 of dividing non-farm and farm gross income in half as requested by the debtor, the debtor does not qualify for Chapter 12 relief because less than 50 percent of her gross income came from farming operations pursuant to Sections 109(f) and 101(17) of the Bankruptcy Code.

THEREFORE, IT IS ORDERED that William A. Shamblin and Myrtle R. Shamblin are given relief from the stay and the debtor's Chapter 12 petition is dismissed.

spouse under the Bankruptcy Code. Since both matters involve allocations of income and property among individuals of a joint entity that is no longer a functional relationship, the Court's power and ability to reconstruct the economic state of affairs of these individuals must necessarily be broad. There is no mathematical formula in Colorado to guide a court in establishing a property division or in allocating income between spouses because economic certainty in these matters cannot be achieved.