In re the MARRIAGE OF Jennifer Lynn SEWELL, Appellee,

and

Steven Edward Sewell, Appellant.

No. 90CA0238.

Colorado Court of Appeals, Div. IV.

July 5, 1991.

Rehearing Denied Aug. 22, 1991.

Malman & Malman, P.C., Robert L. Malman, Denver, for appellee.

Lawrence Litvak, P.C., Ronald D. Litvak, Lawrence Litvak, Denver, for appellant.

Opinion by Judge HUME.

Steven Edward Sewell (husband) appeals portions of the permanent orders entered in this action dissolving his marriage to Jennifer Lynn Sewell (wife). We affirm in part, reverse in part, and remand.

## I.

Husband contends the trial court abused its discretion in awarding wife 40 percent of husband's earned but unpaid 1989 net income. While we reject that contention, we conclude that the judgment apportioning the parties' marital property must be reversed on other grounds.

### A.

This court recently addressed the proper classification of a spouse's professional sports earnings in *In re Marriage of Anderson*, 811 P.2d 419 (Colo.App.1990). There, we applied the rule that compensation which is either received or fully earned during a marriage is marital property subject to equitable distribution. *See In re Marriage of Vogt*, 773 P.2d 631 (Colo.App. 1989).

Since the permanent orders hearing in this case occurred prior to our ruling in *Anderson*, the trial court did not have an ascertainable standard for evaluating the rather complex NFL player contract at issue in this case. The permanent orders were entered on February 2, 1990, *nunc pro tunc* to December 20, 1989, four days *prior* to husband's 16th and final regular season game.

Based upon the record before us, it appears the trial court erred in awarding wife a share of husband's earnings for the final 1989 regular season game and the ensuing 1989–1990 playoff bonus because those amounts were not actually earned by the husband until *after* the effective date of the December 1989 decree of dissolution.

On remand, the trial court is directed to enter factual findings distinguishing between husband's pre- and post-dissolution earnings under the 1989–1990 contract and to reconsider the overall property distribution, if necessary.

### B.

We find no error in the trial court's award to wife of a significant share of husband's 1989 earnings. The trial court is vested with broad discretion to fashion an equitable distribution of marital property in a dissolution proceeding. *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988).

Here, the evidence was uncontroverted that husband is paid on a deferred basis at the end of each football season. The husband's established pattern was to satisfy each year's living expenses from the previous year's earnings, and apparently nothing remained of the earnings which had actually been disbursed prior to the parties' separation. Under these facts, we perceive no error in awarding the wife a portion of the 1989 pre-dissolution earnings, notwithstanding that the parties were separated for most of the year during which they were earned. *See In re Marriage of Carruthers*, 40 Colo.App. 278, 577 P.2d 773 (1977) (absent a legal separation, property acquired during separation is subject to equitable distribution).

Despite husband's argument to the contrary, there is no indication in the record that the trial court erroneously included pre-marital earnings of $113,000 in the marital estate. To the extent husband is suggesting that he should be granted an offset against the marital estate equivalent to his net pre-marital earnings, we disagree.

The evidence is sufficient to establish that husband voluntarily contributed his 1987 pre-marital earnings to marital purposes and that those earnings had been fully depleted at the time of hearing. Husband failed to overcome the presumption of a gift to the marital estate. *See In re Marriage of Moncrief,* 36 Colo.App. 140, 535 P.2d 1137 (1975).

## II.

■ Husband next asserts that the trial court abused its discretion in awarding wife temporary maintenance of $2,000 per month for a period of two years. Because issues of support and property division are inextricably interwoven, the trial court will need to reconsider the issue of maintenance in conjunction with its review of the property distribution on remand. *In re Marriage of McVey,* 641 P.2d 300 (Colo.App.1981). However, we reject husband's contention that wife does not legally qualify for maintenance under § 14–10–114(1), C.R.S. (1987 Repl.Vol. 6B).

■ The determination of what constitutes "appropriate employment" and "reasonable needs" under § 14–10–114(1) is dependent upon the particular facts and circumstances of each case. *In re Marriage of Olar,* 747 P.2d 676 (Colo.1987). Also, a wife is not required to consume her portion of the marital property before being entitled to maintenance. *In re Marriage of Eller,* 38 Colo.App. 74, 552 P.2d 30 (1976).

■ Here, the wife is young, apparently in good health, and was awarded a substantial amount of cash as her share of the marital property. However, she does not have a college degree; she is relatively unskilled and inexperienced in the job market; she is the primary caretaker of the couple's son, who was only sixteen-months-old at the time of trial; and she was assigned full liability for her attorney fees, which amounted to at least $10,000. Balancing these facts, together with the relatively high standard of living enjoyed during the marriage, we conclude that the court did not err as a matter of law in determining that wife qualified for an award of spousal maintenance for a specified period.

■ Since the cause must be remanded to the trial court for reconsideration of both the property and maintenance awards, we decline to address husband's contention that those awards, taken together, constitute an improper "double dipping" from the husband's deferred compensation plan. Because spousal maintenance and property division are inextricably interwoven, *In re Marriage of McVey, supra,* the propriety of both awards is measured by the totality of the circumstances. *In re Marriage of Nixon,* 785 P.2d 151 (Colo.App.1989).

■ On remand, the trial court should consider the totality of the parties' financial circumstances in fashioning appropriate property and maintenance awards. Among other things, the court should consider the resources of each of the parties, including income which might reasonably be derived from property separately awarded to each or from independent sources, to determine an appropriate amount of spousal maintenance. In fashioning a maintenance award, the court should not unnecessarily or inequitably require either party to exhaust his or her separate award of marital property in order to comply with the court's orders for spousal support.

## III.

Husband next contends the trial court erroneously computed child support by relying solely upon his income and disregarding wife's statutory obligation to contribute to the child's support. We agree.

In determining support, the trial court stated that "the combined incomes here of the parties is represented by the *sole* income of the respondent [husband]." (emphasis added) In making this determination the court failed to follow the child support guidelines, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B).

■ The statutory child support guidelines require the support obligation to be computed based upon the parents' *combined* adjusted gross incomes. *See* §§ 14–10–115(4)(a) & 14–10–115(10), C.R.S. (1987

Repl.Vol. 6B). Therefore, if both parents have actual income, or a reasonable ability to earn income, it is erroneous as a matter of law to allocate the support obligation solely to one parent. *See In re Marriage of Marshall*, 781 P.2d 177 (Colo.App.1989); *In re Marriage of Kluver*, 771 P.2d 34 (Colo.App.1989).

 The support guidelines define gross income as "income from any source," *including* alimony and maintenance. Section 14–10–115(7)(a)(I)(A), C.R.S. (1987 Repl.Vol. 6B). Here, the trial court erred in failing to consider either wife's income as represented by the monthly maintenance award or her ability to earn income from the marital property distributed to her under the court's decree. Accordingly, on remand the trial court is directed to reconsider wife's statutory support obligation and to enter factual findings reflecting its consideration of the statutory factors required by § 14–10–115(1), C.R.S. (1987 Repl.Vol. 6B), in determining support.

### IV.

Husband also contends the trial court exceeded its authority in ordering him to fund a $25,000 educational trust for the benefit of the parties' sixteen-month-old son. The trial court found that interest accumulations from the trust would satisfy the anticipated cost of a four-year college education at a state institution seventeen years from the date of dissolution. We agree that the order exceeded the trial court's authority.

While the court's intention to safeguard the child's best interest is commendable, the Colorado Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B) grants no authority to courts to order the creation of a trust for the benefit of minor children. Absent statutory authorization, the established rule of law in Colorado and in other jurisdictions is that a divorce court cannot award any part of a parent's property to minor children, nor can the court compel a parent to convey property to minor children or transfer property into a trust for the children's benefit. *Giambrocco v. Giambrocco*, 161 Colo. 510, 423 P.2d 328 (1967); *Menor v. Menor*, 154 Colo. 475, 391 P.2d 473 (1964).

Wife urges us to uphold the order pursuant to *In re Marriage of Jackson*, 698 P.2d 1347 (Colo.1985), in which case our supreme court upheld an award of $6,000 to the wife for the purpose of enabling her to provide recreational opportunities for the parties' children. However, the award in *Jackson* was a direct, unconditional distribution to the wife pursuant to the court's authority under § 14–10–113, C.R.S. (1987 Repl.Vol. 6B), whereas the order at issue here requires the establishment of a trust, contrary to Colorado law. *See Menor v. Menor, supra.*

Further, the order contravenes Colorado precedent holding that parents have neither an absolute duty to pay the post-secondary educational expenses of their minor children, *Van Orman v. Van Orman*, 30 Colo.App. 177, 492 P.2d 81 (1971), nor an obligation to pay post-majority educational expenses. *In re Marriage of Plummer*, 735 P.2d 165 (Colo.1987).

That part of the judgment requiring establishment of an educational trust is reversed. Those parts of the judgment concerning division of property, maintenance, and child support are reversed, and the cause is remanded for reconsideration consistent with this opinion. The remainder of the judgment is affirmed.

REED and ROTHENBERG, JJ., concur.